■ COLGATE-PALMOLIVE CORPORATION, Respondent, v BELL, KALNICK, SASSOWER, JACKSON, KLEE, GREEN & RUDD, Also

Known as BELL, KALNICK, BECKMAN, KLEE & GREEN, Appellant. [610 NYS2d 44] —Order of the Appellate Term of the Supreme Court, First Department (Riccobono, J. P., Miller and McCooe, JJ.), entered November 30, 1992, which affirmed a judgment of the Civil Court, New York County (Louise Gans, J.), entered October 10, 1991, in favor of petitioner and against respondent-appellant in the amount of $40,000 exclusive of interest, and bringing up for review an order of the Civil Court, New York County (Norman A. Ryp, J.), entered September 26, 1991, which denied Robert Bell's motion to vacate a stipulation of settlement insofar as it makes him personally liable to petitioner in the amount of $40,000, unanimously affirmed, with costs.

Civil Court properly found that the law firm's attorney and appellant's partners who appeared in court had actual and/or apparent authority to stipulate that appellant would pay his share of the firm's outstanding rent, and that appellant in any event ratified the settlement by his conduct and acquiescence *(see, Hallock v State of New York,* 64 NY2d 224). The Statute of Frauds (General Obligations Law § 5-701 [a] [2]) provides no defense because the stipulation was entered into in open court, and also because the stipulation gave appellant a direct, immediate benefit in the form of the landlord allowing the firm to temporarily remain in possession of the premises and foregoing immediate entry of judgment *(see,* 61 NY Jur 2d, Statute of Frauds, §§ 17, 51). We have considered appellant's remaining contentions and find them unpersuasive. Concur— Carro, J. P., Wallach, Rubin and Nardelli, JJ.