■ Cosmas Ogu et al., Appellants, v James T. Faulkner, Respondent. [699 NYS2d 56] —In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Jones, J.), entered June 16, 1998, which, upon a jury verdict, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the appeal is dismissed, with costs.

This action arose out of an alleged automobile collision. During jury deliberations, the parties entered into a stipulation on the record in open court wherein they agreed that if the jury found that no contact had occurred between the vehicles, then there would be a verdict for the defendant and the plaintiffs would receive no award, whereas if the jury found that there had been contact between the vehicles, the plaintiffs would accept damages of $50,000 in complete settlement of their lawsuit. The plaintiffs expressly acknowledged that, in either event, they "[could] never come back to court ever again with respect to the accident [or] those injuries [they] sustained". The jury determined that there had been no contact between the vehicles, and judgment was entered in favor of the defendant. The plaintiffs have appealed.

Contrary to the plaintiffs' contention, the record of the proceedings supports the conclusion that they voluntarily stipulated to effectively discontinue their action immediately in the event the jury found that no collision had occurred. Such stipulations are favored by the courts and will not be set aside absent certain exceptional circumstances, none of which have been shown to exist here (*see, Hallock v State of New York,* 64 NY2d 224; *Matter of Mildred C.,* 252 AD2d 524). Accordingly, the parties' stipulation forecloses the plaintiffs' present challenge to the judgment.

In view of the foregoing, we need not consider the parties' remaining contentions, including those concerning an intermediate order of the same court, dated February 18, 1998, which would otherwise have been brought up for review on the appeal from the judgment (*see,* CPLR 5501 [a] [1]). Thompson, J. P., Sullivan, Altman and Feuerstein, JJ., concur.