■ CHARTER OAK FIRE INSURANCE COMPANY et al., Respondents, v TINA L. BORRELLI et al., Appellants, et al., Defendants. (Appeal No. 1.) [709 NYS2d 299] —Order insofar as appealed from unanimously reversed on the law without costs, cross motion granted and complaint against defendants Tina Louise Borrelli and Richard P. Colline, Jr., dismissed. Memorandum: Plaintiff The Travelers Insurance Companies (Travelers) insured property owned by defendants Tina Louise Borrelli and Richard P. Colline, Jr. After the roof collapsed, Borrelli and Colline filed a proof of loss in the amount of $622,590, listing as other parties who had an interest in or an encumbrance on the property defendants Rin Tin Development Corporation (Rin Tin), B. Joseph Checho, Virginia A. Checho and Rosele Chamberlain. Travelers rejected the proof of loss, and Borrelli and Colline commenced a breach of contract action against Travelers, identified therein as The Travelers Insurance Company of North America. Travelers as plaintiff in appeal Nos. 1 and 2 and The Travelers Insurance Company of North America as

defendant in appeal No. 3 are represented by the same counsel and refer to themselves in both actions as Travelers without distinction between the two entities. We do the same here. Travelers did not implead the other parties who might have an interest in the insurance proceeds, despite its knowledge of their possible claims. During the trial of that action, Travelers entered into a stipulation of settlement with Borrelli, Colline and their attorney. Pursuant to that stipulation of settlement, which was placed on the record, Travelers agreed to pay to those parties the sum of $323,000, the stipulated value of the loss, in exchange for a stipulation of discontinuance and general releases. When Travelers demanded as well a general release from Rin Tin, the attorney for Borrelli and Colline objected on the ground that Rin Tin was not a party to the action or the stipulation. Borrelli and Colline then moved for judgment against Travelers, contending that Travelers had not complied with the stipulation of settlement. Travelers did not move to vacate the stipulation but, rather, Travelers and its subsidiary, plaintiff Charter Oak Fire Insurance Company (collectively Travelers), commenced an interpleader action, naming as defendants the parties with whom Travelers had settled and other parties known to Travelers who might have claims to the insurance proceeds.

Borrelli and Colline cross-moved to dismiss the complaint in the interpleader action, and that cross motion was denied by Supreme Court. Borrelli and Colline appeal from the order denying that cross motion (appeal No. 1). The court granted another order providing that the payment by Travelers of the sum of $323,000 to the Monroe County Treasurer (County Treasurer) discharged Travelers from further liability to any interpleader defendant. Borrelli and Colline also appeal from that order (appeal No. 2). Finally, Borrelli and Colline entered judgment against Travelers based on the stipulation of settlement in the breach of contract action. The court granted an order vacating that judgment and extended a temporary restraining order preventing judgment from being entered in that action. Borrelli and Colline appeal from that order as well (appeal No. 3).

The court erred in denying the cross motion of Borrelli and Colline to dismiss the complaint in the interpleader action against them. At the time it entered into the stipulation of settlement, Travelers had knowledge of other parties with potential claims on the insurance proceeds. It chose to settle that action and obtain releases only from Borrelli, Colline and their attorney. Travelers should not be allowed to use an

interpleader action to circumvent that stipulation. Travelers has not sought to vacate the stipulation; it merely obtained a temporary restraining order in the interpleader action that prevented the parties to the stipulation from entering judgment in the breach of contract action.

The court further erred in granting an order discharging Travelers from liability to Borrelli, Colline and their attorney in exchange for its deposit of the sum of $323,000 with the County Treasurer. Travelers is obligated to pay that full amount to Borrelli, Colline and their attorney based on the stipulation of settlement, and any amounts disbursed to the County Treasurer or other possible claimants would diminish the amount of proceeds they receive. By discharging Travelers from liability after payment of $323,000 to the County Treasurer, the court effectively altered the stipulation of settlement without requiring Travelers to make the requisite showing of "cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident" (*Hallock v State of New York,* 64 NY2d 224, 230).

Finally, the court erred in vacating the judgment entered in the breach of contract action. Because the court should have dismissed the interpleader action and Travelers has not moved to vacate the stipulation of settlement, there is no impediment to entry of a judgment based upon the stipulation. (Appeal from Order of Supreme Court, Monroe County, Fisher, J.— Dismiss Pleading.) Present—Pigott, Jr., P. J., Pine, Hayes and Lawton, JJ.