Harriet Taylor, Respondent, The
against
City of New York, Appellant. 




Rich, Intelisano & Katz, LLP (Robert J. Howard of counsel), for appellant.
Harriet Taylor, respondent pro se.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P. Edwards, J.), entered January 18, 2018. The order denied defendant's motion to vacate a judgment of that court entered December 15, 2017 based upon defendant's failure to comply with a stipulation of settlement.




ORDERED that the order is affirmed, with $25 costs.
In December 2016, plaintiff commenced this action to recover for breach of contract, alleging that her house had been destroyed by Hurricane Sandy and that she had participated in defendant's "Build It Back" program, but that problems remained even after repairs had been performed. On November 8, 2017, the parties settled the action. The stipulation of settlement provided that the parties agreed to settle the claim for $9,000, payable on November 27, 2017, at 10:00 a.m. in Brooklyn, "by exchange of check and mutual full releases and confidentiality relating to the claims related to Hurricane Sandy." Further, the stipulation provided that in the event defendant failed to make payment as agreed, plaintiff was entitled to enter judgment in the sum of $9,000 upon 10 days' notice to defendant. Days later, when defendant demanded plaintiff also release Rockaway Beach Boulevard Construction Co., LLC (RBBC) in the release and confidentiality agreement it had drafted, plaintiff objected on the ground that RBBC was neither a party to the action nor to the stipulation of settlement. After defendant failed to appear for the November 27, 2017 exchange, plaintiff notified defendant that she would be entering judgment and, 10 days later, entered judgment against defendant based on the stipulation of settlement.
Defendant moved to vacate the default judgment entered against it, in relevant part, pursuant CPLR 5015 (a) (3), arguing that plaintiff had defaulted under the stipulation of settlement by failing to sign the release and confidentiality agreement it had drafted and that she had made misrepresentations to the contrary in securing the default judgment. The Civil Court [*2]denied the motion, holding that, pursuant to the four corners of the stipulation of settlement, plaintiff's refusal to sign the release and confidentiality agreement drafted by defendant was not wrongful, as RBBC was not a party to the action and therefore not entitled to a release, and that defendant had defaulted under the stipulation of settlement. Defendant appeals, and we affirm.
By the express, unambiguous terms of the stipulation of settlement, plaintiff was required to release only defendant, and her refusal to sign documents also releasing RBBC did not constitute an anticipatory repudiation of the stipulation. Consequently, defendant failed to establish that plaintiff engaged in any fraud, misrepresentation, or other misconduct warranting the vacatur of the default judgment based on CPLR 5015 (a) (3) (see Deutsche Bank Natl. Trust Co. v Conway, 169 AD3d 641, 642 [2019]). Moreover, as defendant had not moved to vacate the stipulation of settlement, there was no impediment to the entry of a default judgment based upon the stipulation (see Charter Oak Fire Ins. Co. v Borrelli, 273 AD2d 797, 799 [2000]).
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 16, 2019