■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL EDWARDS, Appellant. [717 NYS2d 520] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered on or about September 18, 1997, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Andrias, JJ.

■ ARDMORE MANAGEMENT CO., INC., et al., Appellants, v 474 FULTON LEASING CORP. et al., Respondents. [717 NYS2d 25] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered July 1, 1999, which, after a nonjury trial, dismissed the complaint in this action for payment on a promissory note, unanimously affirmed, with costs.

The record supports the court's dismissal of the complaint. At the very least, the officer of plaintiff corporations possessed apparent authority to bind plaintiffs to the agreement that discounted the principal due on the note, since he was plaintiffs' sole negotiator at the underlying property sale on behalf of plaintiffs' president, who on other occasions had held out the officer as an agent cloaked with the authority to negotiate with the individual defendant (*see, Hallock v State of New York*, 64 NY2d 224, 232). Moreover, in exchange for the discounted payments, the original note was delivered to defendants' attorney, clearly evincing payment. We have considered plaintiffs' remaining contentions and find them to be unavailing. Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Andrias, JJ.