■     In the Matter of RUBIN LIBERMAN, as a Director and Stockholder of Miroflector Co., Inc., Respondent, v. MILTON LIBERMAN et al., Appellants.— Order, entered June 19, 1963, which supersedes previous orders entered May 14, 1963 and April 16, 1963, unanimously reversed and vacated, on the law and the facts, with $30 costs and disbursements to appellants, and proceeding remanded to Special Term for a hearing and taking of proof upon all relevant issues and for a proper determination thereon. The agreement of May 23, 1951, whereby the two and only stockholders of the corporation promised to vote their stock for the election of themselves and one designee of each as directors of the corporation, was valid and binding. (See *Weber* v. *Sidney,* 19 A D 2d 494, affd. 14 N Y 2d 929; *Clark* v. *Dodge,* 269 N. Y. 410; *Benintendi* v. *Kenton Hotel,* 294 N. Y. 112; *Slonim* v. *Brodie,* 109 N. Y. S. 2d 440, affd. 281 App. Div. 861.) But the respondents allege that in 1962 the stockholders agreed upon a modification of the 1951 agreement to provide for a five-man board and that thereafter, on August 30, 1962, at a joint meeting of the stockholders and directors of the corporation, a new five-man board and new officers were properly elected. These allegations of the respondents are put in issue, and the record discloses the existence of issues of fact which should be resolved only after a plenary hearing at which the parties may adduce all material and relevant proofs. Therefore, a remand for a hearing is in order. (See Business Corporation Law, § 618, former General Corporation Law, § 25; *Matter of Femode Foundations [Needleman],* 2 A D 2d 874; *Matter of Scharf* v. *Irving Air Chute Co.,* 15 A D 2d 563; *Matter of Machinery Bldrs.,* 44 N. Y. S. 2d 198.) Included within the issues raised which should only be resolved after a proper hearing are, whether or not the parties did effectively agree to a modification of the 1951 agreement to provide for a five-man board; whether or not the alleged meeting of stockholders and directors of August 30, 1962 was duly called and held; whether or not the petitioner by participation in such meeting or otherwise, effectively waived the requirement of notice of the meeting; and what transpired at the alleged meeting of August 30, 1962.

It is not intended by the foregoing statement to limit the issues which may be presented and should be determined at Special Term, and the remand, as stated, is for a hearing and determination of all relevant issues necessary to a proper determination of the proceeding. Concur — McNally, J. P., Stevens, Eager, Steuer and Witmer, JJ.