■ WIEN & MALKIN, LLP, et al., Respondents, v HELMSLEY-SPEAR, INC., Appellant. [764 NYS2d 402] —Order and judgment (one paper), Supreme Court, New York County (Ira Gammerman, J.), entered March 8, 2002, which declared, inter alia, that plaintiffs' proposed proxy solicitation materials complied with disclosure protocols set forth in a confirmed arbitration award and therefore may be transmitted to the partners entitled to vote whether to terminate defendant without cause, and denied defendant's cross motion to, inter alia, compel arbitration, and order and judgment (one paper), same court and Justice, entered September 20, 2002, which, inter alia, granted plaintiffs' application for specific performance of a voting agreement to terminate defendant as managing and leasing agent for one building, confirmed the results of partnership votes and declared that defendant had been validly terminated without cause for three other buildings, and denied defendant's cross motion to, inter alia, compel arbitration, unanimously affirmed, with one bill of costs.

Supreme Court properly determined that the issue of compliance with the disclosure requirements set forth in an arbitration award it had previously confirmed, which confirmation this Court had affirmed (300 AD2d 32 [2002]), was for the court to decide, and not the discharged panel or a new one unfamiliar with the lengthy proceeding. The disclosure was within the parameters of the award, which specifically directed the parties to the Securities and Exchange Commission proxy rules for guidance; as the court pointedly noted, plaintiffs were not required to characterize the facts disclosed. Defendant's claim of other deficiencies in the disclosure is not supported by the record.

The court properly entertained the application for specific performance of Leona Helmsley's 1997 agreement, constituting her vote for termination of defendant at 501 Seventh Avenue, since the agreement pertaining to that building did not contain an arbitration clause (*see Mionis v Bank Julius Baer & Co.*, 301 AD2d 104 [2002]). The relief was properly granted since there had been no necessary determination on the merits in the arbitration on this issue, the vote did not amount to an abdication of Ms. Helmsley's fiduciary obligations (*cf. Manson v Curtis*, 223 NY 313 [1918]; *Matter of Liberman v Liberman*, 23 AD2d 545 [1965], *appeal dismissed* 16 NY2d 613 [1965]), and the failure to give it effect would have contravened the strong public policy favoring the enforcement of settlement stipulations (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]).

Contrary to defendant's contention, it was proper for the court to resolve the challenge to the vote terminating Helmsley-Spear, Inc. from its employment at the Toy Building, as to which there was concededly no arbitration provision, since this claim was not inextricably intertwined with the arbitrable ones emanating from different sets of facts and legal issues. Based on well-established canons of interpretation (*see Ronnen v Ajax Elec. Motor Corp.*, 88 NY2d 582, 589 [1996]; *Federal Ins. Co. v Americas Ins. Co.*, 258 AD2d 39, 44 [1999]), the court also correctly rejected defendant's claims, consisting largely of challenges to the qualifications of the voters, that the votes relating to the Fisk and Lincoln Buildings and the Toy Building were flawed.

We have considered appellant's other contentions and find them unavailing.

Reargument granted and, upon reargument, the decision and order of this Court entered herein on February 18, 2003 (302 AD2d 253) is hereby recalled and vacated. Concur—Andrias, J.P., Sullivan, Rosenberger, Friedman and Gonzalez, JJ.