■ ATLANTIC MUTUAL INSURANCE COMPANY, Appellant, v CAMPANIELLO ENTERPRISES, INC., et al., Respondents. (And a Third-Party Action.) [838 NYS2d 502]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered January 3, 2006, which, to the extent appealed from, denied plaintiff's motion for summary judgment on its second cause of action and on its first cause of action with respect to damages, unanimously modified, on the law, to grant plaintiff partial summary judgment on its first cause of action as to liability, and upon a search of the record, to dismiss defendants' counterclaim, and otherwise affirmed, with costs in favor of plaintiff.

Third-party defendant Foa & Son, Inc. (Foa), as defendants' insurance broker for 15 years, had apparent authority to place the wholesalers policy, the subject matter of the second cause of action (see generally *Hallock v State of New York*, 64 NY2d 224, 231 [1984]), and there is no evidence that defendants communicated their purported refusal to accept the policy to Foa or plaintiff insurer after the policy was issued and a bill was sent to defendants. Notably, the wholesalers policy included mandatory automobile liability insurance for two trucks owned by defendants, and there is no indication that defendants obtained

coverage from another carrier; without such automobile insurance, defendants would be in violation of the law and significantly exposed in the event of an accident involving one of the vehicles. Accordingly, plaintiff is entitled to summary judgment on the second cause of action on the issue of liability. Questions of fact surrounding the timing of the issuance and cancellation of the policy, as well as billing for the premium, preclude summary judgment on the issue of the amount of premium due plaintiff.

The counterclaim for attorneys' fees and costs should be dismissed since this was not a frivolous action (*see generally* 22 NYCRR 130-1.1).

Defendants did not file an appeal from the denial of their motion to dismiss the complaint, and, even were we to consider their arguments, we would find they are unpersuasive in arguing now that the first cause of action should have been dismissed. Inasmuch as the final premium for the workers' compensation policy could not be ascertained until the end of the policy period, and the dispute culminating in this litigation ripened before the end of the policy period, no audit has yet been conducted. Concur—Tom, J.P., Sullivan, Williams, Buckley and Kavanagh, JJ.