■ Robert C. Rust, Appellant, v Edythe S. Turgeon, Respondent. (Action No. 1.) In the Matter of Robert C. Rust, Appellant, for the Dissolution of The Roycroft Shops, Inc.; Edythe S. Turgeon, Respondent. (Action No. 2.) [881 NYS2d 346]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered July 24, 2007. The order after a hearing found in favor of defendant-respondent.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: Following termination of the parties' personal and business relationships, plaintiff/petitioner, Robert C. Rust, commenced an action and a special proceeding seeking, inter alia, to resolve issues concerning the division of personal and business property. While the action and proceeding were pending, the parties entered into a stipulation in open court concerning the division of the property (*see* CPLR 2104). Pursuant to the terms of that stipulation, Supreme Court was given the "broadest possible discretion" to implement and enforce the stipulation, and the parties agreed to waive any right to appeal in the event that a subsequent dispute arose, based on their desire for "a prompt and final and quick disposition of the issues."

After disputes arose concerning the division of property pursuant to the stipulation, Rust moved to enforce the terms of the stipulation. Following a summary hearing conducted pursuant to the terms of the stipulation, the court found in favor of defendant-respondent. We conclude that Rust is precluded from challenging the court's order on appeal. Rust waived his right to appeal pursuant to the stipulation and is bound by its terms. "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *see Republic Painting, Sheeting & Bldg. Corp. v P.S. Bruckel, Inc.* [appeal No. 2], 266 AD2d 814 [1999]). There is nothing in the record before us to support Rust's contention that the stipulation should be set aside, and we conclude that there is no basis to do so " 'in the interest of elementary fairness' " (*O'Connor v Root*, 284 AD2d 979, 980 [2001]). Present—Hurlbutt, J.P., Smith, Centra, Pine and Gorski, JJ.