■ CHILDREN's DAY TREATMENT CENTER AND SCHOOL, INC., Doing Business as WEST END DAY SCHOOL, Respondent, v MARTHA DORN, Appellant. [922 NYS2d 7]—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about December 28, 2009, which, after a nonjury trial, awarded defendant the sum of $6,603.70, unanimously affirmed, without costs. Appeal from decision, same court and Justice, rendered October 23, 2009, unanimously dismissed, without costs, as taken from a nonappealable paper.

No seven-member board of directors of plaintiff manifested to defendant that the five members who purported to enter into the separation agreement that defendant seeks to enforce had the authority to do so (*see Hallock v State of New York*, 64 NY2d 224, 231 [1984]). Those five members "[could] not by [their] own acts imbue [themselves] with apparent authority" (*see id.*). Moreover, to the extent defendant relied on an appearance of authority arising from the board president's or plaintiff's

counsel's actions in negotiating and drafting the agreement, her reliance was unreasonable, since she was familiar with the by-laws requiring that the board be composed of a minimum of seven members, she was aware that there were only five members when the agreement was entered into, and she had her own counsel (*see Meyerson v Contracting Plumbers Assn. of Brooklyn & Queens, Inc.*, 606 F Supp 282, 289-290 [SD NY 1985]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Renwick, Richter and Manzanet-Daniels, JJ.