Order, Supreme Court, New York County (Michael D. Stall-man, J.), entered February 25, 2011, that upon reargument, adhered to its judgment, entered on or about February 1, 2010, denying the petition to annul respondent Police Department License Division’s determination to deny petitioner’s application for a carry business handgun license and dismissing the CPLR article 78 proceeding and denied petitioner’s alternative request to enforce a stipulation of settlement, unanimously modified, on the law, to the extent of granting petitioner’s motion to enforce a stipulation of settlement providing that respondents grant petitioner a limited carry business handgun license, and otherwise affirmed, without costs.
On October 9, 2008, petitioner filed an application with respondent the License Division for a carry business handgun license, in connection with his business, Baraka Food Corp. As opposed to more restricted handgun licenses, a carry business license would have permitted petitioner to carry a concealed *496 handgun on his person without restriction. An applicant for a carry business license must meet certain requirements, including showing that he is “of good moral character” and has no prior conviction “for a felony or other serious offense . . . or of a misdemeanor crime of domestic violence” (38 RCNY 5-02). The applicant must also establish “proper cause” based upon business necessity by showing, inter alia, exposure to “extraordinary personal danger” (38 RCNY 5-03; see also Penal Law § 400.00 [2] [f]).
On June 17, 2009, the License Division denied petitioner’s application, based on eight prior arrests, seven of which were dismissed and one that resulted in a 1997 disorderly conduct conviction, as well as a failure to show sufficient need for a handgun.
In November 2009, petitioner commenced this proceeding, seeking an order annulling the License Division’s denial of his application for a carry business license. On February 1, 2010, the motion court denied the petition and dismissed the proceeding.
After petitioner moved to reargue, respondents agreed to issue a limited cariy business license to him. That license would allow petitioner to carry a concealed handgun only from his business to the bank (see 38 RCNY 5-01 [c]). On March 26, 2010, petitioner and respondents, through counsel, executed a stipulation of settlement, providing as follows: “(2) The NYPD’s License Division will grant petitioner a limited carry business license. The scope of the license will be governed by the terms of this stipulation. Petitioner will also be bound by any applicable laws, rules and regulations governing pistols and pistol licenses ... (5) Any violation of the specified provisions of this stipulation and all applicable laws, rules and regulation[s] is cause for revocation of the granted licenses.”
On April 12, 2010, respondents notified petitioner that they could not proceed with the stipulation because they had overlooked an outstanding misdemeanor summons issued on December 18, 2009. Respondents, however, have since acknowledged that they had been aware of the pending charges when they had entered into the stipulation with petitioner.
It is well settled that a stipulation is a binding agreement that courts cannot set aside absent “fraud, collusion, mistake or accident” (Hallock v State of New York, 64 NY2d 224, 230 [1984]; see also McCoy v Feinman, 99 NY2d 295, 302 [2002] [“As with a contract, courts should not disturb a valid stipulation absent a showing of good cause such as fraud, collusion, mistake or duress; or unless the agreement is unconscionable or contrary to public policy” (citations omitted)]).
*497 Accordingly, the stipulation binds respondents who, through counsel, entered into it with knowledge of petitioner’s outstanding arrest (see Hallock, 64 NY2d at 230). Concur — Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ. [Prior Case History: 30 Misc 3d 1226(A), 2011 NY Slip Op 50211(U).]