■ ATCO CANTON CORPORATION et al., Individually and Doing Business as KINGSTON CINEMAS 1-2-3, Respondents, v JUDITH COSTANZI, Respondent, and GENE MASSA et al., Appellants.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Connor, J.), entered July 21, 1986 in Ulster County, which, *inter alia,* granted plaintiffs' motion for summary judgment against certain defendants.

Plaintiffs, doing business as Kingston Cinemas 1-2-3, operate a movie theatre on property leased from defendants Wolford Realty Corporation and Gene Massa. The theatre's movie marquee sign is located on adjacent property now owned by defendant Florida Samas Ventures, Inc. This action has its origin in a criminal trespass action brought in 1981 by defendant Judith Costanzi, claiming that plaintiffs' sign interfered with her easement of ingress and egress. That litigation involved all the parties to the current action except Florida Samas which, according to Massa, Wolford and Florida Samas (hereinafter collectively referred to as defendants), did not at that time own the property on which the sign was located. On the eve of trial, the Costanzi suit was settled in open court. The stipulation of settlement, placed on the record, provided, *inter alia,* that plaintiffs would relocate the sign to a location which had been mutually agreed upon and would pay Wolford and Massa between $8,232.21 and $8,457.21 for counsel fees; Wolford would grant a lease assignment to plaintiffs; and Costanzi would discontinue her trespass action. Florida Samas was still not a party to that action, but because it now owned the property on which the sign was located and to which it was to be moved. Wolford's and Massa's attorney, Howard Protter, purported to have authority to accede to the stipulation on behalf of Florida Samas and did so.

Thereafter, Massa demanded $8,800.37 in counsel fees from plaintiffs. Upon plaintiffs' refusal to pay more than the stipulated maximum counsel fees, Protter, who defendants claim represented them, declared plaintiffs in default. In response,

plaintiffs mailed Wolford and Massa $8,457.21, the maximum stipulated sum. However, Massa, on behalf of Florida Samas, refused to allow plaintiffs to move the sign, at one point threatening criminal arrest if an attempt to do so was made. On motion by plaintiffs to enforce the stipulation, Supreme Court ordered Massa and Wolford to return to plaintiffs the $8,457.21, as retention of this sum was inconsistent with their position that the stipulation was rescinded, and held that a plenary action was required to enforce the stipulation because Florida Samas was not a party to the Costanzi lawsuit. Faced with the prospect of a renewed criminal trespass suit by Costanzi, plaintiffs commenced the instant action to enforce the stipulation. Plaintiffs, joined by Costanzi, moved for and were granted summary judgment. Defendants now appeal that order.

Plaintiffs, Costanzi and Supreme Court may well have been justified in believing that Protter had actual or apparent authority to bind Florida Samas, given the close relationship of Massa, Massa's wife (who was the purported owner of Florida Samas), Wolford and Florida Samas; but the record does not rule out the possibility that Protter was without authority of any sort to enter into the stipulation on behalf of Florida Samas (see, Hallock v State of New York, 64 NY2d 224, 230). Since an attorney, like any agent, cannot by his own acts imbue himself with authority (see, supra, at 231), the matter must be remitted for an evidentiary hearing to determine if Florida Samas conferred actual authority on Protter in its communications with him or apparent authority by words or conduct communicated to the other parties to this action.

The only other argument advanced by defendants that merits attention is the claim that the stipulation is unenforceable for lack of specificity. Two points are raised: that the stipulation does not define the type of property interest the sign enjoys or its duration. We are of the view that the stipulation did not create a new property right; it merely called for moving an already existing sign from one point on Florida Samas' property to another. The sign maintains whatever property character it possessed before, uncharged by the stipulation, other than its precise location. The same can be said for the complaint that the stipulation fixes no time period limiting how long plaintiffs may maintain its sign at this site. Although not developed in the record, presumably there is some prior agreement regarding this sign that specifies the term; if not, Supreme Court on remittal may fairly and

reasonably supply the missing term based on the circumstances attendant upon the consummation of the settlement and the parties' intent *(see, Haines v City of New York,* 41 NY2d 769, 772).

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiffs summary judgment against defendant Florida Samas Ventures, Inc.; matter remitted to the Supreme Court for a plenary hearing (1) on the factual issue of whether Howard Protter, Esq., had authority to enter into the settlement stipulation on behalf of said defendant, and (2) for the purpose of determining the period of time that Kingston Cinemas 1-2-3 may maintain its sign at the new location; and, as so modified, affirmed. Mahoney, P. J., Kane, Main, Casey and Yesawich, Jr., JJ., concur.