■ SOLOW DEVELOPMENT CORPORATION et al., Respondents, v FENTRON ARCHITECTURAL METALS CORP. et al., Respondents, and DIESEL CONSTRUCTION, a Division of CARL A. MORSE, INC., Appellant. [599 NYS2d 237] —Order, Supreme Court, New York County (Walter M. Schackman, J.) entered on or about February 11, 1993, which, *inter alia,* denied defendant Diesel Construction's motion pursuant to CPLR 3025 to amend its answer to the amended complaint, denied its motion for pretrial discovery on the settlement entered into between plaintiffs and Diesel's codefendants, and denied Diesel partial summary judgment pursuant to CPLR 3212 (e) against plaintiffs, excising from their claims against defendant those portions payable to defendant PPG Industries under a stipulation of settlement made in open court on June 1, 1992, unanimously modified on the law, the facts and in the exercise of discretion, to permit Diesel to amend its answer to the amended complaint to add a partial defense based upon plaintiffs' settlements, and otherwise affirmed, with costs.

The court properly denied the motion for partial summary judgment based upon plaintiffs' settlement with PPG which, *inter alia,* set forth a payment schedule for plaintiffs on behalf of PPG in the event plaintiffs settled or recovered from Diesel, as there was no evidence that this settlement made in open court was the result of fraud, collusion, mistake or accident *(see, Hallock v State of New York,* 64 NY2d 224, 230). The court properly noted that public policy was not violated by employment of contribution and indemnity formulas in the settlement, and any wrongdoing on the part of PPG must be resolved by the triers of fact. Nor is Diesel's speculation that the consideration for the settlement included factors not memorialized in the settlement agreement a sufficient basis to grant discovery on the agreement or open court stipulation. However, as a party is entitled to plead and prove the settlement in mitigation of its liability *(see, Lambert Houses Redevelopment Co. v HRH Equity Corp.,* 117 AD2d 227, 233), the court erred in denying Diesel's request to amend its answer to add a partial defense based upon plaintiffs' settlements. Concur—Milonas, J. P., Rosenberger, Rubin and Nardelli, JJ.