■ PETER M. BOWERS, Individually and Doing Business as ONONDAGA MANAGEMENT COMPANY, Plaintiff, v MERCHANTS

MUTUAL INSURANCE COMPANY et al., Defendants. JAMES RIVER PAPER COMPANY, INC., Third-Party Plaintiff-Respondent, v THOMPSON & JOHNSON EQUIPMENT COMPANY, INC., Third-Party Defendant-Appellant. [697 NYS2d 450] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On July 18, 1995, a warehouse owned by plaintiff and rented to defendant and third-party plaintiff, James River Paper Company, Inc. (James River), was destroyed by fire. Plaintiff commenced this action against James River and others, alleging that a propane tank attached to a forklift being used by James River exploded, causing the fire. James River commenced a third-party action against Thompson & Johnson Equipment Company, Inc. (Thompson), from which it had leased the forklift. Thompson moved for summary judgment dismissing the third-party complaint on the ground that the forklift did not cause the fire. In the alternative, Thompson sought summary judgment on its cross claim for contractual indemnification against James River, based upon an indemnification clause in the rental agreement executed by a James River employee at the time the forklift was delivered. James River cross-moved for summary judgment dismissing that cross claim, contending that the employee who signed the rental agreement had no actual or apparent authority to bind James River. Supreme Court denied the motion and granted the cross motion, holding that "the document purported to be a contract by third-party defendant does not constitute a contract as a matter of law." Thompson appeals.

The court properly denied Thompson's motion for summary judgment because there is a triable issue of fact concerning the origin of the warehouse fire. The court erred, however, in granting James River's cross motion. Thompson presented evidence concerning the history of its business dealings with James River, which included 10 to 20 prior forklift rentals commencing in 1984. Thompson established that it had utilized the same rental agreement since 1980 in all of its transactions with James River; a James River employee had always signed the agreement; the invoices were paid; and James River never indicated that the agreement, which included an indemnification provision, was not acceptable. Even assuming that James River met its initial burden, we conclude that that evidence of past conduct by James River is sufficient to raise a triable issue of fact on the issue of apparent authority (*see, Standard Funding Corp. v Lewitt,* 89 NY2d 546, 551; *Hallock v State of New York,* 64 NY2d 224, 231). Consequently, we modify the order by denying the cross motion and reinstating the cross claim.

All concur, Hayes, J., not participating. (Appeal from Order of Supreme Court, Onondaga County, Elliott, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Pigott, Jr., Hurlbutt and Balio, JJ.