Oscar LOPEZ, Plaintiff,

v.

The CITY OF NEW YORK, Jimmy Correa and Ronnie Bibbins Defendants.

No. 01 Civ. 9915(RLE).

United States District Court, S.D. New York.

Jan. 30, 2003.

Edward Sivin, Sivin & Miller, LLP, New York City, for Oscar Lopez, Plaintiff.

Liora Jacobi, Michael A. Cardozo, Corporation Counsel of NYC, New York City, for the City of New York, Jimmy Correa, Ronnie Bibbins, Defendants.

**OPINION AND ORDER**

ELLIS, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Oscar Lopez ("Lopez") brought this action for, among other things, police brutality and a violation of his constitutional rights. On December 9, 2002, plaintiff and defendants appeared before this Court for trial, but agreed to settle the case before jury selection. The parties' agreement to settle was reported on the record in open court. Further, the Court interrogated the parties under oath to confirm their understanding and acceptance of the

terms of the settlement agreement. The parties now seek to change the terms of the agreement and plaintiff moves to dismiss the action with prejudice pursuant to the settlement agreement. The Court concludes that the parties have reached a settlement which shall be enforced. Therefore, this case is **DISMISSED WITH PREJUDICE**.

## II. DISCUSSION

■ Lawsuits terminated by agreement of the parties may either be dismissed by stipulation or culminate in a judgment by the court. *See Janus Films, Inc. v. Miller*, 801 F.2d 578, 582 (2d Cir. 1986) (citation omitted). When a lawsuit is settled and results in a judgment, the court may either enter a consent judgment or a settlement judgment. *Id.* A consent judgment is one in which the language is worked out and agreed to by the parties, and the court makes no determination as to the controversy or the relief to be awarded. *Id.* However.

> With a 'settlement judgment' the parties have agreed on the components of a judgment, including basic aspects of relief, but have not agreed on all the details or the wording of the judgment. The components of the agreement are usually reported to the court on the record. As with a consent judgment, the court makes no determination as to the merits of the controversy. With respect to relief, the judge is obligated to determine the detailed terms of the relief and the wording of the judgment. In determining the details of relief, the judge may not award whatever relief would have been appropriate after an adjudication on the merits. but only those precise forms of relief that are either agreed to by the parties or fairly implicated by their agreement.

*Id.* (citations omitted). Under both federal and New York law, settlement judgments may be enforceable if reduced to writing,

or made in open court. *See Id.* at 583; *Hallock v. State*, 64 N.Y.2d 224, 230, 485 N.Y.S.2d 510, 474 N.E.2d 1178 (1984).

■ For an oral settlement agreement to be finalized, the court must determine the parties' intent to be bound. *See Alvarez v. City of New York*, 146 F.Supp.2d 327, 335 (S.D.N.Y.2001). To determine the intent of the parties to be bound by an oral settlement, courts in this circuit consider: "(1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether there has been partial performance of the [settlement agreement]; (3) whether all of the terms of the alleged [settlement agreement] have been agreed upon; and (4) whether the agreement at issue is the type ... that is usually committed to a writing." *Ciaramella v. Reader's Digest Association, Inc.*, 131 F.3d 320, 323 (2d Cir.1997) (citation omitted). While no single factor is determinative, each provides guidance in the court's finding. *Id.* I shall address each factor accordingly.

■ It is clear that neither party expressed a reservation on the record of a right not to be bound in the absence of an executed agreement. As is typical with settlement agreements made in open court, both parties were afforded an opportunity to ask questions of Mr. Lopez and spell out any uncertain terms on the record. Furthermore, any express reservation should have been made at that time. Even if the parties agreed to the settlement in open court with the intent to draft and sign a written settlement agreement and general release, this does not satisfy the express reservation requirement. *See Conway v. Brooklyn Union Gas Company*, 236 F.Supp.2d 241, 249–50 (E.D.N.Y.2002). This factor weighs in favor of the plaintiff. Further, there was partial performance of the settlement, "in the sense that both sides, relying on apparent settlement, did

not resume active litigation of the case." *Alvarez,* 146 F.Supp.2d at 336. However, courts within this circuit have found that this fact does not weigh for or against settlement. *See Id., Conway,* at 249–50. Although the parties are disputing the addition of certain terms to the settlement, at no time before this Court did either party raise these issues. Therefore, this factor favors settlement. *Id.* Finally, although this is the type of contract normally reduced to writing, the agreement on record in open court counts as a writing, and thus this factor favors the finding of a settlement. *See Shabtai v. Honeywell, Inc.,* 1998 WL 823617 *1 (S.D.N.Y.1998).

 Therefore, the only matter left before this Court is to enumerate the terms of the settlement judgment. The parties agree that Lopez agreed to voluntarily dismiss his lawsuit in consideration of $75,000. However, the parties have disagreed as to the language of the settlement stipulation. The first point of contention among the parties is defendants' request to include the following language:

> the parties now desire to resolve the issues raised in this litigation without further proceedings and without admitting any fault or liability

and

> nothing contained herein shall be deemed to be an admission by any of the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York.

The Court finds that this is boilerplate language in most settlement agreements. "[T]he fact that defendant's counsel added boilerplate language to an otherwise substantively identical version of the oral agreement" will not destroy the settlement. *Alvarez,* 146 F.Supp.2d at 336. Therefore, the Court incorporates this language into to the settlement judgment.

The parties also disagree as to the addition by the defendants of two distinct sentences. First, that:

> nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Police Department

and that the settlement:

> shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

Neither of these terms, however, is boilerplate. These terms are neither substantial nor material Further, as to the latter term, "the proposed sentence would only make explicit what was implicit, [and] is unnecessary." *Id.* at 349. Therefore, the Court declines to add either provision to the settlement judgment.

### III. CONCLUSION

For the foregoing reasons, the Court finds this case **DISMISSED WITH PREJUDICE** as of **December 9, 2002.** The defendants must make payment within one-hundred (100) days of December 9, 2002. The terms of the settlement are as follows:

> Lopez agrees to forfeit his right to a trial in this case in return for $75,000. Further, the parties now desire to resolve the issues raised in this litigation without further proceedings and without admitting any fault or liability and nothing contained herein shall be deemed to be an admission by any of the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the

United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York.