■ BOARD OF MANAGERS OF 60 EAST 88TH STREET CONDOMINIUM ASSOCIATION, Appellant, v ANDREW STEIN et al., Respondents. BOARD OF MANAGERS OF 60 EAST 88TH STREET CONDOMINIUM ASSOCIATION, Appellant, v DAVID KUO LIANG YANG, Respondent. [869 NYS2d 487]—

From the minutes of the December 8, 2006 proceeding, it appears that plaintiff's counsel agreed that plaintiff was no longer seeking damages arising from the harboring of the dogs but was seeking only legal fees in connection with the damages claims and thus that she acquiesced in the stipulation (*see Hallock v State of New York*, 64 NY2d 224, 231 [1984]). Since counsel had represented plaintiff at several conferences earlier in the consolidated actions and was knowledgeable about these proceedings, the court reasonably concluded that she had apparent authority to dismiss the damages claims (*see id.*; *Matter of Silicone Breast Implant Litig.*, 306 AD2d 82, 84-85 [2003]).

However, it also appears from the minutes that plaintiff's counsel agreed that the claims against Yang "relate to the dogs, the parking by Mr. Stein *and* the legal fees in relation thereto" (emphasis added), and the minutes reflect a general lack of clarity in the proceeding. For instance, when the court asked whether plaintiff consented to the dismissal of certain claims, it was not plaintiff's counsel but Yang's counsel who answered in the affirmative. We therefore find that plaintiff has demonstrated good cause to vacate the stipulation, i.e., that "it appears that [plaintiff] has inadvertently, unadvisably or improvidently entered into an agreement which will take the case out of the due and ordinary course of proceeding in the action, and [works] to [its] prejudice" (*Matter of Frutiger*, 29 NY2d 143, 150 [1971] [internal quotation marks and citation omitted]). Concur—Tom, J.P., Saxe, Catterson, Moskowitz and DeGrasse, JJ.