■ ELITE 29 REALTY LLC, Respondent, v GEORGE R. PITT et al., Appellants. [922 NYS2d 319]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered October 1, 2010, which, to the extent appealed from, granted plaintiff's motion for contempt insofar as it directed defendants to make specified alterations in their erected partition wall and to remove metal mesh and bars covering the window openings, within 60 days of service of a copy of the order with notice of entry, and denied defendants cross motion for revocation of the easement, unanimously affirmed, with costs.

This action involves a dispute between adjoining neighbors who share a common wall, except where plaintiff's building extends further back to the rear property line and overlooks defendants' enclosed garden courtyard. Defendants erected a three-story solid steel wall, which blocked plaintiff's windows overlooking the courtyard, as well as plaintiff's ground floor side door that exited into the courtyard. We find that the motion court's order abided by the clear terms of the parties' settlement agreement, which had been entered into in open court and reduced to writing (*see* CPLR 2104; *Hallock v State of New York*, 64 NY2d 224 [1984]). The agreement provided for window cuts to be made into the wall matching the configuration of plaintiff's courtyard windows (i.e., five feet high by three feet wide), except to the extent that defendants could demonstrate that smaller windows were necessary to avoid compromising the wall's structural integrity. Defendants inexplicably made window cuts of two feet high by four feet wide at each courtyard window and failed to offer any evidence other than the conclusory expert opinion that the downsized openings made were structurally warranted. As to the heavy iron mesh coverings placed over the window cuts, along with a single metal bar used in the window cuts, the court correctly found, based on the photographic evidence, that these window coverings did not permit the degree of light and air reasonably intended by the agreement, notwithstanding that the agreement allowed defendants to cover the windows with typical window screens or grates.

While the agreement provides for revocation of the easement if plaintiff opened its side door leading to defendants' courtyard for nonemergency (i.e., fire) or nonauthorized purposes on more than three occasions in a 90-day period, here, the motion court

properly ruled, on the basis of the evidence available to it, that defendants had not offered evidence to refute plaintiff's assertion that it opened the door only to address flood conditions allegedly caused by heavy rain channeled towards its building, in part, by defendants' courtyard landscaping. The motion court appropriately declined to penalize plaintiff, given its potentially reasonable and protective action taken to safeguard its property and the lack of definitive proof that plaintiff deliberately violated the terms of the stipulation regarding its side door. Concur—Mazzarelli, J.P., Renwick, DeGrasse, Freedman and Richter, JJ.