ERNEST MILCHMAN et al., Respondents, v STEVEN LIPKIN, Appellant. [945 NYS2d 880]—

Order, Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered August 29, 2011, which, insofar as appealed from as limited by the briefs, denied defendant's motion to pay $200,000 under the parties' stipulation of settlement, and allowed plaintiffs to reschedule a sheriff's sale of defendant's property unless defendant paid $352,250 to plaintiffs by the time the new sale date was set, unanimously affirmed, with costs.

Stipulations of settlement made in open court are strictly enforced, in the absence of cause sufficient to invalidate a contract (see Hallock v State of New York, 64 NY2d 224, 230 [1984]). Here, defendant does not present any grounds for not enforcing the so-ordered stipulation of settlement, nor does he dispute that he failed to comply with several of its provisions. Defendant, among other things, failed to timely tender the payment of $200,000 required by the parties' stipulation of settlement, and failed to timely apply for an extension of the period in which to do so in accordance with the stipulation. Thus, the court properly denied defendant's request to permit him to settle all claims by tendering such payment.

The subject stipulation provided that, in the event of defendant's default, plaintiffs could execute on defendant's property and collect on a reinstated 2002 judgment, which awarded plaintiffs $299,275.21 plus interest. In accordance with those provisions, the court properly authorized plaintiffs to reschedule the property sale unless defendant tendered payment in the amount of $352,250. Concur—Tom, J.P., Mazzarelli, Moskowitz and Abdus-Salaam, JJ.