■ DLJ MORTGAGE CAPITAL, INC., Respondent, v THOMAS KONTOGIANNIS et al., Defendants, and CHICAGO TITLE INSURANCE COMPANY, INC., et al., Appellants. [959 NYS2d 18]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 1, 2011, which, insofar as appealed from, denied the motions of defendants Chicago Title Insurance Company, Inc. and United General Title Insurance Company, Inc. to dismiss the complaint as against them, unanimously reversed, on the law, without costs, and the motions to dismiss granted. The Clerk is directed to enter judgment accordingly.

Plaintiff's claims against the title insurance defendants for the acts of their agents, who were coconspirators in a mortgage fraud scheme, should have been dismissed. The complaint does not allege that the title insurers were aware that their agents had issued fraudulent certificates of title and commitments for title on the title insurers' behalf for mortgages that plaintiff eventually purchased. Nor can liability attach under the doctrine of apparent authority, since there is no allegation of any misleading conduct on the part of the title insurers (*see Hallock v State of New York*, 64 NY2d 224, 231 [1984]). Plaintiff purchased the fraudulent mortgages from a third party, and never dealt with the title insurer defendants directly.

In any event, plaintiff cannot show justifiable reliance upon the alleged misrepresentations of the agent (*see id.*). The loan file documents relied upon, prepared by the agents, did not show that title insurance policies had in fact been issued in connection with the fraudulent mortgages purchased by plaintiff. Therefore, apparent authority is not available to bind the title insurers to plaintiff's claims (*see Ford v Unity Hosp.*, 32 NY2d 464, 472-473 [1973]). Concur—Saxe, J.P., Renwick, Freedman, Román and Gische, JJ.