[994 NYS2d 248]

275-277 Realty LLC, Petitioner, v Cherridon Lawrence-Harris, Respondent.

Civil Court of the City of New York, Kings County, May 14, 2014

**APPEARANCES OF COUNSEL**

*Legal Aid Society*, Brooklyn, for respondent.
*Law Offices of Scott D. Gross*, Mineola, for petitioner.

**OPINION OF THE COURT**

Gary F. Marton, J.

Now represented for the first time by counsel, respondent moves for leave to renew a motion that was denied by a decision and order dated September 19, 2013 and to vacate a stipulation of settlement that was "so ordered" on August 22, 2013. The motion is addressed to the court's discretion. As set out below, the court grants leave to renew, and upon that renewal and upon a rent deposit of $9,417.80 by May 30, 2014, the court vacates the stipulation and the judgment entered pursuant thereto, and the court restores this proceeding to its calendar

for trial on Monday, June 9, 2014 at 9:30 a.m.[1] If the deposit is not made, the warrant may be executed upon the service, or re-service by mail, of a marshal's notice.

The above-captioned proceeding began as a nonpayment proceeding. The premises at issue is a rent-stabilized apartment for which the rent is $672.70 per month. Petitioner claimed that rent arrears began accruing in October 2012 and that through February 2013 they totaled $2,882.39. Respondent interposed a form pro se answer in which she asserted that petitioner had not made necessary repairs.

On the first return date of March 8, 2013 the proceeding was adjourned by stipulation to April 24, 2013 for trial. On that date by another stipulation the proceeding was adjourned to May 30, 2013 and access dates were fixed for repairs allegedly needed. On May 30, 2013 the proceeding was adjourned to July 11, 2013 for trial and an interim inspection by the City of New York's Department of Housing Preservation and Development (HPD) was scheduled. HPD's report of its inspection showed four "B" violations at the premises.

On July 11, 2013 the case was sent to Part X, a trial assignment part. Not reached that day, the case was adjourned to August 22, 2013. On that date, in lieu of a trial, the parties entered into a stipulation of settlement that was "so ordered" by the court. The stipulation converted the proceeding to a holdover, waived all rent through June 10, 2014, and provided that a judgment of possession would be entered and that a warrant might issue, but that execution would be stayed through June 10, 2014 for respondent to vacate the premises and surrender possession.

By an order to show cause sought on August 27, 2013 respondent moved for relief on the grounds that repairs were needed. By a decision and order dated September 9, 2013 the court granted the motion to the extent of fixing access dates for repairs. The court also denied respondent's oral motion, made for the first time at argument, to vacate the stipulation. The court did so because the motion was not properly before the court.

Later that day respondent moved by order to show cause to vacate the stipulation. She sought this relief on the ground that she had entered into the stipulation improvidently, i.e., out of a

---

**1.** If this date is not convenient for the parties, they may move for relief or submit for "so ordering" a stipulation providing for a different date.

sense of despair that the repairs would never be made. However, at argument respondent represented that she could not pay anything toward the accrued rent arrears which then totaled about $6,700. The court reasoned that converting the proceeding back to a nonpayment would serve no purpose and, by a decision and order dated September 19, 2013, the court denied the motion.

## Discussion

■ CPLR 2221 (e) provides that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]). Now respondent demonstrates that she has finally been able to secure legal representation and she represents that she is now able to pay virtually immediately not simply the $6,700 or so that constituted the rent accrued through September 30, 2013 but the rent arrears accrued through at least January 31, 2014. Respondent's moving papers show that in January 2014 the City of New York's Human Resources Administration approved a payment of $5,127.19, that in December 2013 Medgar Evers College approved an award of $1,345, that in December 2013 Legal Aid approved an award of $300, and that respondent is able to pay $2,690.80 in the form of four money orders in the amount of $672.70 each, i.e., a total of $9,462.99. This, the court holds, suffices as a basis for granting leave to renew, and the court grants the same.

Ordinarily courts uphold stipulations of settlement because doing so promotes justice and the administration of justice. (*Hallock v State of New York*, 64 NY2d 224, 230 [1984].) However, where there is cause sufficient to invalidate a contract (*Hallock*, 64 NY2d 224), or where the stipulation takes the case out of the due and ordinary course of the proceeding, a court may vacate a stipulation and restore the pre-stipulation status quo (*Matter of Frutiger*, 29 NY2d 143, 150 [1971]).

■ Here the stipulation took the case out of its due and ordinary course. It is neither a commonplace nor a rarity in the Housing Part of the Civil Court for parties to convert nonpayment proceedings into holdovers by having the landlord waive rent due in exchange for the tenant's quick surrender of possession. What is so highly unusual here is that the landlord

agreed to stay execution of the warrant for a very long period of time—nearly 10 months—and to waive all of the rent that would accrue during that time. Also remarkable here is that respondent moved promptly, albeit unsuccessfully, for relief from that agreement to vacate her home of the past 19 years, i.e., she sought relief well before she had received any significant part of the benefit of the stipulation. It was natural to expect, i.e., reasonably foreseeable, that respondent, were she able to secure the requisite funds during this 10-month period, would move again to retain her low-cost rental apartment.

In addition, the court cannot overlook the purpose for which some 40 years ago the Housing Court was established: "[its] stated mission was to improve the housing stock" (Scherer, Residential Landlord-Tenant Law in New York § 7:47 [2011]). Section 110 (a) of the New York City Civil Court Act provides that the court is to establish and enforce "housing standards, including, but not limited to, the multiple dwelling law and the housing maintenance code, building code and health code of the administrative code of the city of New York." This court will serve that purpose by providing respondent with an opportunity at trial to establish her affirmative defense of breach of the warranty of habitability.

Real Property Actions and Proceedings Law § 745 (2) (a) provides, among other things, that

> "upon the thirtieth day after the first appearance of the parties in court less any days that the proceeding has been adjourned upon the request of the petitioner . . . the court shall direct that the respondent . . . deposit with the court . . . [the] sums of rent or use and occupancy accrued from the date the petition and notice of petition [were] served upon the respondent."

Here the petition and notice of petition were served in March 2013; accordingly, 14 months of rent (i.e., 14 x $672.70 = $9,417.80) have accrued since then. While the instant proceeding's posture does not fit squarely within this provision, respondent's motion is addressed to the court's discretion, and the court finds that this statutory provision serves as a useful guide for protecting petitioner against the possibility that respondent might fail to establish her affirmative defense and then abandon

the apartment without paying anything. Accordingly, the court conditions relief upon a rent deposit as set out above.[2]

---

2. If more convenient than a deposit in court, the funds—in whole or in part—may be paid without prejudice to petitioner and/or deposited in counsel's escrow account.