OPINION OF THE COURT
Javier E. Vargas, J.
The motion by respondent Juan Garcia (tenant) for vacatur of the final judgment for failure to comply with a stipulation of settlement in the instant nonpayment proceeding is granted, and the proceeding is dismissed.
Since at least 2014, tenant has resided in the subject premises located at 1050 Anderson Avenue, apartment 2G, in the Bronx, New York, which are managed by petitioner Anderson Avenue Associates, L.P. (landlord). Tenant resides with his New York City certified domestic partner, Lynell A. Smalls, and their infant twins, A. and E., born in 2009. Tenant is a recipient of the New York City Housing Authority’s (NYCHA) Section 8 program and Supplemental Security Income (SSI) disability benefits,* while Ms. Smalls separately receives public assistance from the New York City Human Resources Administration (HRA), since March 2015. Specifically, Ms. Smalls has been receiving public assistance shelter payments of $137 per month in biweekly installments directly paid to landlord. It should be noted that, in August 2015, NYCHA approved tenant’s previously filed application to certify Smalls as a “Permanent Family Member” residing at his premises as “Co-Head” of household pursuant to NYCHA guidelines.
On May 13, 2015, landlord served upon tenant a “Demand for Rent” alleging that he owes his personal portion of rent arrears of $1,479.50 between August 2014 and May 2015, which *1067 amount had to be paid within 10 days, on May 28, 2015, under penalty of the commencement of a summary eviction proceeding. Alleging that tenant failed to pay the requested amount, by notice of petition and petition dated June 23, 2015, landlord commenced the instant nonpayment proceeding against him to recover possession of the premises, rent arrears of over $1,629.50, and reasonable costs and legal fees. In the petition, landlord describes the premises’ regulatory status as “subject to Rent Stabilization Law of 1969,” and duly registered with the New York State Division of Housing and Community Renewal. By answer dated July 9, 2015, tenant answered the petition generally denying most of the allegations therein and stating that “there are or were conditions in the apartment . . . which the [landlord] did not repair.”
On the appearance date of July 16, 2015, the parties entered into a so-ordered stipulation of settlement (Vargas, J.), wherein tenant agreed to the entry of a final judgment of possession against him in the sum of $1,759.60 with execution of the warrant of eviction stayed until August 31, 2015, for him to pay those arrears and for landlord to make several repairs to the premises. Unfortunately, tenant failed to comply with the stipulation, and immediately filed an order to show cause dated August 31, 2015 for a stay of the warrant’s execution arguing that landlord has refused to accept and negotiate the above-mentioned shelter payments from Smalls between June 2015 and October 2015, except for cashing two of those payments: one on July 2, 2015, for the sum of $274, and on August 31, 2015 for $68.50. In support of his order to show cause, he attached copies of public assistance ledger payments, the NYC Certificate of Domestic Partnership dated February 24, 2015, showing that both he and Ms. Smalls are partners and reside at the premises, and most importantly, correspondence from HRA dated August 6, 2015, approving a One Shot Deal loan for $1,211.60 in Smalls’ name for rent accruing from July 2014 to July 2015, in order to resolve their housing crisis.
On the return date of the motion of September 16, 2015, and following oral argument where landlord’s counsel strenuously refused to accept tenant’s tender of Smalls’ HRA checks, this court afforded tenant until October 19, 2015 to pay rent arrears then amounting to $1,872.50, stating that tenant had “obtained a one-shot deal in the name of his domestic partner, Lynell Smalls, which checks must be reissued in favor of” landlord. Thereafter, tenant retained the Legal Aid Society, *1068 Housing Help Program, and now moves, by order to show cause returnable November 20, 2015, for an order staying execution of the warrant and vacating the final judgment, arguing that landlord is illegally and unreasonably rejecting tenant and Ms. Smalls’ tender of available funds for them and their children in full satisfaction of the judgment. In support of his motion, tenant argues that landlord’s unreasonable refusal violates Real Property Law § 235-f, Administrative Code of the City of New York § 8-107 as well as federal, state and city laws which forbid discrimination based on income source, domestic and familial status.
In opposition, landlord counters that tenant’s motion should be denied because he has undisputedly failed to comply with the stipulation of settlement, which is a binding contract enforceable by the court, citing Hallock v State of New York (64 NY2d 224, 230 [1984]), and that it suspected fraud on the part of tenant upon starting to receive the public assistance checks. Landlord further argues that there is no statute or case law mandating its acceptance of HRA payments made on behalf of Smalls and their children to pay for the rent arrears based on the fact that she is not the tenant-of-record. This court disagrees.
It is well-settled that a summary nonpayment proceeding may not be maintained when the tenant offers rent payments to a landlord who repeatedly and unreasonably refuses to accept them (see Haberman v Singer, 3 AD3d 188, 191 [2004]; Janes v Paddell, 74 Misc 409, 415-416 [App Term, 1st Dept 1911] [“In view of the tender and willingness of the tenant (and a third party) to pay the rent and the repeated refusals to accept it by the landlord, we think that it is evident that she should not be permitted to predicate proceedings to dispossess the tenant upon the fact that the rent has not been paid”]). This rule is in place in order to prevent a landlord from “manipulating the tenant with the tenant’s ultimate inability to satisfy a judgment and consequent eviction in mind” (Haberman v Singer, 3 AD3d at 192). Courts have held this to be the case even when rental payments are offered by a third party, such as relatives or HRA (see 16 Apt. Assoc., Inc. v Lewis, 24 Misc 3d 127[A], 2009 NY Slip Op 51265[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). Relevantly and controlling herein, the Housing Court has recently dismissed a nonpayment proceeding after compelling that landlord to accept shelter payments made by HRA on behalf of the tenant-of-record’s *1069 grandson, who was not a named tenant (see PCMH 2950 Grand Concourse L.P. v Jones, NYLJ, Sept. 3, 2014 at 1 [Civ Ct, Bronx County 2014, Stroth, J.]).
Applying the foregoing principles to the matter at bar, tenant has sufficiently demonstrated an entitlement to vacatur of the final judgment and warrant and dismissal of the proceeding. As early as September 2015, tenant offered good tender in full satisfaction of the amount of rent arrears sought in the petition and stipulation of settlement in the form of ongoing public assistance rental payments and a lump-sum payment of a One Shot Deal of $1,211.60, which had been issued to landlord by HRA on behalf of tenant’s domestic partner, Ms. Smalls, and their six-year-old twins. Similar to the facts in PCMH 2950 Grand Concourse, tenant here receives SSI and Section 8 benefits and resides with family members who receive public assistance from HRA. And just like in PCMH 2950 Grand Concourse, landlord is unreasonably refusing to accept the legal tender of those rent arrears payments, conclusorily arguing that Smalls is “not a member of the household” or an authorized tenant-of-record. However, contrary to its arguments, legal precedent compels landlord to accept these payments and dismiss this proceeding (see Haberman v Singer, 3 AD3d at 192; 16 Apt. Assoc., Inc. v Lewis, 24 Misc 3d 127[A], 2009 NY Slip Op 51265 [U]; PCMH 2950 Grand Concourse L.P. v Jones).
Nor can landlord by its actions emasculate the decision of HRA to issue shelter payments on behalf of Smalls and not tenant. If, after its thorough investigation of tenant’s family composition and living arrangements, HRA determined it appropriate to issue shelter payments on Smalls’ behalf given her residence and tenant’s receipt of SSI, that is the agency’s decision following its rules and regulations (see id.). Landlord does not have standing to challenge that decision in this nonpayment proceeding. In fact, tenant does not appear to be eligible for public assistance benefits as he is a recipient of SSI (see Matter of Melendez v Wing, 8 NY3d 598 [2007]; 18 NYCRR 352.30). As for landlord’s counsel’s suggestion that tenant was committing fraud in obtaining shelter payments for Ms. Smalls, landlord has produced not a scintilla of evidence to support such an allegation and it appears to be without any basis in law or fact.
Finally, landlord’s vigorous protestations about Smalls’ status in the household could be easily construed as a thinly veiled *1070 discriminatory animus against tenant based on his marital or familial status. It would appear that landlord would accept the HRA rental payments only if tenant were to be married to Ms. Smalls. However, Real Property Law § 235-f (2) prohibits such discrimination by preventing landlords from “restrict[ing] occupancy of residential premises, by express lease terms or otherwise, to a tenant or tenants or to such tenants and immediate family,” including dependent children, in the way that landlord is effectively doing here by refusing the shelter allowance paid by HRA for Smalls, tenant and their children. Contrary to landlord’s conclusory arguments, it needs to be stressed that Smalls is clearly a member of tenant’s household as not only is she residing with him and their children, but she is his New York City certified domestic partner and NYCHA’s “Permanent Family Member” and “Co-Head” of tenant’s household.
In accordance with the foregoing, tenant’s motion is granted to the extent that landlord is ordered to accept the HRA payments issued on behalf of Ms. Smalls for rent arrears in this proceeding as tenant’s share of the rent, the judgment of possession and warrant are vacated, and the proceeding is hereby dismissed. Nothing in this decision and order shall be construed to confer full tenancy rights upon Ms. Smalls at this juncture.

 Supplemental Security Income is a federal income supplement program funded by general tax revenues, not Social Security taxes, which is designed to help aged, blind, and disabled people—who have little or no income—by providing cash to meet basic needs for food, clothing, and shelter (see Social Security Act § 1611 [42 USC § 1382]).