Hui Zhen Wei Petitioner-Respondent,
against
259 East Broadway Associates LLC, Respondent-Appellant.



Respondent 259 East Broadway Associates LLC appeals from an order of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered on or about November 14, 2016, after a hearing, which granted petitioner's motion to be restored to possession and directed respondent to restore the subject premises to habitable condition.




Per Curiam.
Order (Jean T. Schneider, J.), entered on or about November 14, 2016, affirmed, with $10 costs.
Giving due deference to the hearing court's express findings of fact and credibility, we find no basis to disturb the court's determination that petitioner, the wife of the stabilized tenant, was at least in "constructive possession" (RPAPL 713[10]) of the apartment at the time of the lockout and, contrary to the respondent owner's claim, had not "abandoned" any leasehold or possessory interest that she may have had in the apartment (see Banks v 508 Columbus Props., 8 Misc 3d 135[A], 2005 NY Slip Op 51189[U] [App Term, 1st Dept 2005]). Although the hearing evidence showed that petitioner's husband, the sole record tenant, formally agreed to surrender the apartment in exchange for compensation, petitioner was not a party to the agreement, and was in China visiting her family when the agreement was executed and possession surrendered. While, in general, an owner may reasonably rely upon the sole record tenant's representations in relation to the surrender of an apartment (see generally Hallock v State of New York, 64 NY2d 224 [1984]), in this case, the hearing court, which was in a position to assess the credibility of witnesses (see 300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 55 [1997]), credited the testimony that respondent owner was previously advised by petitioner that she was asserting possessory rights (see Dixon v Fanny Grunberg & Assoc., LLC, 4 Misc 3d 139[A], 2004 NY Slip Op 50943[U] [App Term, 1st Dept 2004]) and that respondent, in fact, made "several buyout offers" directly to petitioner, the "most recent such offer [which] was made only the month before she left on her trip."
In affirming the order of restoration, we express no view as to petitioner's potential [*2]succession claim and ultimate tenancy status.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: September 28, 2017