Order, Surrogate’s Court, Bronx County (Nelida Malave-Gonzalez, S.), entered on or about August 11, 2016, which, inter alia, denied petitioner Mae Marlow’s motion to vacate a May 7, 2016 written stipulation and an October 13, 2015 so-ordered stipulation, and granted respondent Bruce Solomon’s cross motion to enforce said stipulations, unanimously affirmed. Order, same court and Justice, entered on or about September 13, 2016, which denied respondent Marlow’s motion for the aforementioned requested relief, and granted petitioner Solomon’s cross motion for the aforementioned requested relief, unanimously affirmed, without costs.
 

 It is undisputed that the stipulations were in writing, signed by Marlow’s counsel, entered into in open court, and that the later stipulation was so-ordered. Thus, they are enforceable pursuant to CPLR 2104 (see Hallock v State of New York, 64 NY2d 224, 230 [1984]). Moreover, Marlow cloaked her attorney with apparent authority to negotiate and enter into the settlements in that the firm represented her in the litigation over many years, and she confirmed to the court attorney in telephone conversations, while negotiations were ongoing, that counsel was authorized to settle on the terms discussed (see Daniels v Concourse Animal Hosp., 41 AD3d 284 [1st Dept 2007]).
 

 The stipulations were sufficiently definite and were more than agreements to agree in that what was promised was easily ascertainable and the later stipulation expressly stated that no further documents were necessary to effectuate the settlement (see Yan’s Video v Hong Kong TV Video Programs, 133 AD2d 575, 578 [1st Dept 1987]).
 

 We have considered Marlow’s remaining arguments and find them unavailing.
 

 Concur — Richter, J.P., Webber, Kern and Moulton, JJ.