Neosel Family Trust v Neosel (2022 NY Slip Op 06253)

Neosel Family Trust v Neosel

2022 NY Slip Op 06253

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-14240
 (Index No. 700939/18)

[*1]Neosel Family Trust, etc., respondent,
v
Martin Neosel, appellant.

Martin Neosel, Auburndale, NY, appellant pro se.
Drucker & Mattia, PLLC, Jackson Heights, NY (Nicholas J. Mattia of counsel), for respondent.

DECISION & ORDER
In an action for ejectment, the defendant appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered December 2, 2019. The order denied the defendant's motion pursuant to CPLR 3211(a)(3) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
This is a dispute between two siblings over residential property located in Queens. On November 12, 2010, Bridget Neosel executed a power of attorney appointing Mary Caponi, Neosel's daughter, as Neosel's attorney-in-fact. In 2015, Caponi, as attorney-in-fact for Neosel, created the Neosel Family Trust (hereinafter the trust) and appointed herself as the trustee. Caponi, as attorney-in-fact for Neosel, then conveyed the property to the trust. Shortly thereafter, Neosel died. The defendant, Neosel's son, has resided at the property since 1991.
In January 2018, Caponi, as trustee of the trust, commenced this action to eject the defendant from the property so that a sale of the property could proceed. In his answer, the defendant alleged that the power of attorney appointing Caponi as Neosel's attorney-in-fact was invalid and, therefore, the trust, which was created by Caponi as attorney-in-fact for Neosel, was also invalid.
In August 2018, the defendant moved for summary judgment dismissing the complaint, arguing that the power of attorney was invalid. Thereafter, on November 8, 2018, the parties executed a stipulation settling the action, whereby the defendant withdrew his motion for summary judgment. The stipulation required the parties to cooperate in selling the property and to divide the net proceeds equally between them. The stipulation was so-ordered by the Supreme Court.
Thereafter, the defendant moved to pursuant to CPLR 3211(a)(3) to dismiss the complaint, arguing that Caponi, as trustee, lacked the capacity to sue because the power of attorney was invalid and, therefore, the trust was invalid. The Supreme Court denied the motion on the ground that the stipulation dated November 8, 2018, was binding on the parties. The defendant appeals.
"Stipulations of settlement are favored by the courts and not lightly cast aside" (Hallock v State of New York, 64 NY2d 224, 230). "[O]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident, will a party be relieved from the consequences of a stipulation made during litigation. It was the [defendant], as the party seeking to set aside the stipulation, who had the burden of showing that the agreement was the result of fraud, duress, or overreaching, or that its terms were unconscionable" (Chae Shin Oh v Jeannot, 160 AD3d 701, 703 [citation omitted]). The defendant did not satisfy that burden here.
The defendant's remaining contentions are without merit or not properly before this Court.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a)(3) to dismiss the complaint.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court