Ward v City of New York (2024 NY Slip Op 06556)

Ward v City of New York

2024 NY Slip Op 06556

Decided on December 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 24, 2024

Before: Kern, J.P., Singh, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 400564/13 Appeal No. 3307 Case No. 2023-04782 

[*1]Jane Ward, Appellant,
v
The City of New York et al., Respondents, Caroline Drewes-Pessel, M.D., Defendant.

G. Wesley Simpson, P.C., Brooklyn (G. Wesley Simpson of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.

Order, Supreme Court, New York County (Erika M. Edwards, J.), entered July 5, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion pursuant to CPLR 2104 to vacate a stipulation of discontinuance so-ordered October 2, 2013, and to enter a default judgment against defendant Deborah B. Dyson, RPA, and denied plaintiff's motion pursuant to CPLR 3126 to sanction defendants The City of New York, The New York City Health and Hospital Corporation, and Bellevue Hospital Center (collectively, NYCHH) for their failure to produce nonparty former employees for deposition, unanimously affirmed, without costs.
Plaintiff does not provide a valid ground to vacate the so-ordered stipulation of discontinuance against Deborah B. Dyson, RPA. The parties' stipulation stated that Dyson agrees to appear for a deposition before note of issue is filed. However, the stipulation was executed in October 2013, when Dyson was still in the employ of NYCHH, which she left in June 2014. More than five years later, when plaintiff's counsel requested to depose Dyson, NYCHH attempted to contact Dyson by telephone and at her last known address to no avail, even though an employer is not compelled to produce a former employee for a deposition (see Doomes v Best Tr. Corp. , 303 AD2d 322, 322-323 [1st Dept 2003]). Under these circumstances, NYCHH did not violate the stipulation of discontinuance so as to warrant its vacatur and entry of a default judgment against Dyson (see Hallock v State of New York , 64 NY2d 224, 230 [1984]).
Plaintiff's contention that NYCHH violated a separate stipulation discontinuing the action against Caroline Drewes-Pessel, M.D., Marie Werner, M.D., and Allison Webb, M.D., is similarly unavailing. These individuals were no longer employed by NYCHH at the time plaintiff sought to depose them, and, thus, NYCHH was not compelled to produce them (see Doomes v Best Tr. Corp. at 323). Contrary to plaintiff's contention, NYCHH's stipulation to accept responsibility "for all of the acts and/or omissions of its employees . . . during the course of their employment" did not obligate NYCHH to produce these former employees, although, notably, NYCHH did make good faith efforts to contact them regarding plaintiff's deposition requests.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 24, 2024