Matter of Shasha v Malkin (2025 NY Slip Op 01434)

Matter of Shasha v Malkin

2025 NY Slip Op 01434

Decided on March 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 13, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 651974/23 652074/23|Appeal No. 3896-3896A-3896B|Case No. 2023-04341, 2023-04352, 2024-01438|

[*1]In the Matter of Virginia Shasha et al., Petitioners-Respondents,
v
Peter L. Malkin et al., Respondents-Appellants.
Peter L. Malkin et al., Petitioners-Appellants,
v
Virginia Shasha et al., Respondents-Respondents.

Dewey Pegno & Kramarsky, LLP, New York (Thomas E.L. Dewey of counsel), for appellants.
Griggs & Adler, P.C., Reston, VA (John Wyeth Griggs of the bar of the District of Columbia, the State of Alaska, the State of Florida, and the State of Virginia, admitted pro hac vice, of counsel), for Virginia Shasha, Vivienne Pero, Violet Shuker Shasha Trust, Debra B. Adler, Myrna Joy Edelman, Gilbert M. Edelman, Empire State Liquidity Fund, LLC, Mary Jane Fales, Melvyn H. Halper, Phyllis J. Halper and Wendy S. Tamis, respondents.

Judgment (denominated an order), Supreme Court, New York County (Melissa A. Crane, J.), entered August 21, 2023, which dismissed a petition by Peter L. Malkin, Anthony E. Malkin, Thomas N. Keltner, Jr., and ESRT MH Holdings, LLC (collectively, the Malkin parties) to vacate, in part, an arbitration award issued August 24, 2020, unanimously affirmed, with costs. Judgment, same court and Justice, entered January 22, 2024, confirming the arbitration award and entering individual judgments for Virginia Shasha, Vivienne Pero, Debra B. Adler, Myrna Joy Edelman, Empire State Liquidity Fund, LLC, Mary Jane Fales, Melvyn H. Halper, Phyllis J. Halper, and Wendy S. Tamis (collectively, the Shasha parties), unanimously affirmed, with costs. Appeal from judgment (denominated an order), same court and Justice, entered on or about August 1, 2023, which granted the Shasha parties' petition to confirm the arbitration award, unanimously dismissed, without costs, as subsumed in the appeal from the January 22, 2024 judgment.
Supreme Court properly dismissed the Malkin parties' petition to vacate the arbitration award, as that petition was untimely. The petition was filed on April 21, 2023, more than 90 days after delivery of the arbitration award (see CPLR 7511[a]). Furthermore, the Malkin parties cannot avail themselves of the six-month grace period (CPLR 205-a) following the termination of a prior action based on the same transaction or occurrence, as their earlier action in the Southern District of New York was not "timely commenced" according to the rules applicable in that jurisdiction (see Anandaraja v Icahn Sch. of Med. at Mount Sinai, 227 AD3d 533, 534-535 [1st Dept 2024]). Specifically, the Malkin parties failed to serve their federal petition on the Shasha parties within the strict three-month statute of limitations under the Federal Arbitration Act (9 USC § 12). Their purported email service on the Shasha parties' counsel on the final day of the three-month period was insufficient. There is no evidence that counsel expressly consented to service of the petition by email (see Fed Rules Civ Pro 5[b][2][f]; 2000 Advisory Comm Notes, Fed Rules Civ Pro 5) and counsel's acceptance of email service of filings in the arbitration and other proceedings did not establish consent to email service of the federal petition (see Dalla-Longa v Magnetar Cap. LLC, 33 F4th 693, 695 [2d Cir 2022]).
As to the merits, the Malkin parties failed to establish that the arbitration panel acted in "manifest disregard of the law" (Matter of Nexia Health Tech., Inc. v Miratech, Inc., 176 AD3d 589, 590-91 [1st Dept 2019]). The panel concluded that the override consent agreements under which the Malkin parties retained 10 percent of Empire State Realty Trust (ESRT) stock were not supported by consideration. This conclusion, in turn, relied on a statement in a Form S-4 Prospectus/Consent Solicitation Statement filed with the Securities and Exchange Commission in connection with the ESRT [*2]initial public offering that "the supervisor," the Malkin parties' predecessor in interest, "did not pay any consideration for the overrides." This statement "more than meets the requirement that there be at least a barely colorable justification for the outcome reached" by the arbitrators (Matter of Daesang Corp. v NutraSweet Co., 167 AD3d 1, 19 [1st Dept 2018] [internal quotation marks omitted], quoting Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 481 [2006], cert dismissed 548 US 940 [2006], lv denied 32 NY3d 915 [2019]).
Furthermore, the arbitration panel properly rejected petitioners' contention that the Edelman Family Decedent's Trust, the trust of which respondent Danielle P. Barger was a trustee, was liable for defamatory statements allegedly made by Richard Edelman. The panel correctly applied the rule of agency law that an "agent cannot by his own acts imbue himself with apparent authority," since, although Richard Edelman arguably held himself out as the Trust's principal, the record lacked evidence "of some misleading conduct on the part of the principal," who was then Howard Edelman (Hallock v State, 64 NY2d 224, 231 [1984]). The Malkin parties' arguments to the effect that the panel did not give sufficient weight to a part of the evidentiary record (see Matter of Daesang Corp., 167 AD3d at 20) are unpersuasive, as "[m]anifest disregard of the facts is not a permissible ground for vacatur of an award" (Wien, 6 NY3d at 483).
We have considered the Malkin parties' additional arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 13, 2025