Zayas Physical Therapy, P.C., as Assignee of Maria Perez, Respondent, 
against
Auto One Ins. Co., Appellant.




Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum, Esq.), for appellant.
Law Offices of Ilona Finkelshteyn, P.C., for the respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered May 14, 2015. The order denied defendant's motion to vacate (1) an order of that court entered January 16, 2014 granting, upon the consent of the parties, plaintiff's motion for summary judgment, and (2) a judgment of that court, entered February 20, 2014 pursuant to the January 16, 2014 order, awarding plaintiff the principal sum of $1,246.50, and, upon such vacatur, in effect, to deny plaintiff's motion and for summary judgment dismissing the complaint.




ORDERED that the order entered May 14, 2015 is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. Defendant did not submit written opposition to the motion. By order entered January 16, 2014, the Civil Court granted the motion, stating that "[b]oth sides agreed [that plaintiff may enter judgment] and will not appeal the order." A judgment in the principal sum of $1,246.50 was entered pursuant to that order on February 20, 2014. Thereafter, defendant moved to vacate the January 16, 2014 order and the judgment entered pursuant thereto, arguing that it had a reasonable excuse of law office failure for its default and a meritorious defense to the action (see CPLR 5015 [a] [1]), and, upon such vacatur, in effect, to deny plaintiff's motion and for summary judgment dismissing the complaint. By order entered May 14, 2015, the Civil Court denied defendant's motion on the ground that defendant had failed to offer a reasonable excuse for its failure to submit written opposition to plaintiff's motion for summary judgment.
As the January 16, 2014 order was entered on consent, defendant bore the burden of establishing grounds sufficient to set aside a stipulation (see Healthworx Med., P.C. v Auto One Ins. Co., 55 Misc 3d 140[A], 2017 NY Slip Op 50559[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see also Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Frutiger, 29 NY2d 143, 150 [1971]; CCU, LLC v Steier, 44 Misc 3d 130[A], 2014 NY Slip Op 51030[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Defendant failed to make such a showing. 
Accordingly, the order entered May 14, 2015 is affirmed.
ELLIOT, J.P., PESCE and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 12, 2018