Matter of Nobile v Board of Educ. of the City Sch. Dist. of the City of N.Y. (2018 NY Slip Op 08065)





Matter of Nobile v Board of Educ. of the City Sch. Dist. of the City of N.Y.


2018 NY Slip Op 08065


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Friedman, J.P., Mazzarelli, Kern, Oing, Singh, JJ.


150914/17 7691A 7691

[*1] In re Philip Nobile, Plaintiff-Appellant,
v
Board of Education of the City School District of the City of New York, et al., Defendants-Respondents.


Glass Krakower LLP, New York (Bryan D. Glass of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jaminson Michael Isaac Davies of counsel), for respondents.



Judgment, Supreme Court, New York County (W. Franc Perry, J.), entered September 8, 2017, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 12, 2017, which granted defendants' motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff, a former tenured teacher employed by the New York City Department of Education (DOE), seeks to rescind a stipulation with DOE settling disciplinary charges brought against him. In the stipulation, DOE agreed to discontinue the disciplinary hearing on the pending misconduct charges and to take no further disciplinary action against plaintiff, in exchange for which plaintiff agreed "to irrevocably retire from his employment with [DOE], effective close of business January 31, 2017." The agreement was signed by plaintiff, his counsel, and DOE's counsel on October 7, 2016. Annexed to the stipulation was a letter signed by plaintiff and addressed to District Superintendent Karen Watts stating, "I hereby irrevocably retire from [DOE], effective close of business January 31, 2017." The stipulation contained a signature line for Superintendent Watts, who signed it several days later.
Before Superintendent Watts signed the stipulation, plaintiff notified DOE that he had changed his mind and wanted to rescind the stipulation. He argues that the stipulation was unenforceable when he changed his mind because not all the parties had signed it. This argument is unavailing.
Although CPLR 2104 is not applicable to agreements entered into in administrative proceedings, the stipulation signed by plaintiff and counsel acting on behalf of DOE is binding under general contract principles (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Toos v Leggiadro Intl., Inc., 114 AD3d 559, 561 [1st Dept 2014]). Plaintiff failed to show the existence of fraud, collusion, mistake or accident, or that counsel lacked DOE's consent to enter into the stipulation (see Hallock, 64 NY2d at 230). Plaintiff's agreement to retire was irrevocable, and plaintiff understood its consequences. His change of mind is not a cause sufficient to set aside his agreement (see Barclay v Citibank, N.A., 136 AD3d 551 [1st Dept 2016], lv dismissed 27 NY3d 1077 [2016]). Nor is his parol evidence, offered to show that the parties did not intend to be bound by the stipulation until Superintendent Watts had signed it, admissible to add to or vary the terms of the writing (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK