Saavedra v Mor (2021 NY Slip Op 50773(U))

[*1]

Saavedra v Mor

2021 NY Slip Op 50773(U) [72 Misc 3d 138(A)]

Decided on July 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-192 K C

Elba Saavedra, Also Known as Ruth E.
Saavedra, Respondent, 
against
Ayelet Mor, Appellant. 

Ayelet Mor, appellant pro se.
Slochowsky & Slochowsky, LLP (Charles Loveless of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Zhou
Wang, J.), dated November 14, 2019. The order, insofar as appealed from as limited by the brief,
denied the branch of occupant's motion seeking to vacate a stipulation of settlement in a licensee
summary proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
By order dated March 7, 2019, petitioner in this licensee proceeding (see RPAPL 713
[7]) was awarded summary judgment, with execution of the warrant stayed to May 31, 2019. A
final judgment awarding petitioner possession was entered on March 19, 2019, and, by order
dated August 14, 2019, upon renewal, the Civil Court adhered to its prior order granting
petitioner's motion for summary judgment. On August 22, 2019, the parties entered into a
so-ordered two-attorney stipulation which granted occupant until October 31, 2019 to vacate the
premises. Occupant now appeals, as limited by her brief, from so much of an order dated
November 14, 2019 as denied the branch of her October 25, 2019 motion seeking to vacate the
stipulation.
A stipulation will not be undone absent proof that it was obtained by fraud, collusion,
mistake, accident or other ground sufficient to invalidate a contract (see e.g. Hallock v State
of New York, 64 NY2d 224 [1984]; Matter of Frutiger, 29 NY2d 143 [1971]).
Petitioner's right to possession was finally determined before the parties entered into the
stipulation, which merely gave occupant until October 31, 2019 to vacate the
apartment—more than seven months after the final judgment was entered. Occupant has
not demonstrated any of the relevant grounds to vacate a contract, or that the stipulation was
entered into "inadvertently, unadvisably or improvidently" (Matter of Frutiger, 29 NY2d
at 150 [internal quotation marks omitted]), and the branch of her motion seeking to vacate the
stipulation was properly denied. 
Accordingly, the order, insofar as appealed from, is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 30, 2021