Thomas v Slaton (2021 NY Slip Op 06972)





Thomas v Slaton


2021 NY Slip Op 06972


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Gische, J.P., Webber, Oing, Singh, Higgitt, JJ. 


Index No. 157528/12 Appeal No. 14861 Case No. 2021-00118 

[*1]Donald Thomas, et al., Plaintiffs-Appellants,
v
Denise Slaton, et al., Defendants-Respondents.


Law office of Daniel Friedman, Brooklyn (Daniel Friedman of counsel), for appellants.
Schwartzman, Garelik, Walker & Troy, P.C., New York (Edward N. Walker of counsel), for respondents.



Order, Supreme Court, New York County (Carol Ruth Feinman, J.), entered on or about December 14, 2020, which, inter alia, denied plaintiffs' motion to vacate the parties' stipulation of settlement, unanimously affirmed, without costs.
In this action for adverse possession commenced in 2012, plaintiffs appeal Supreme Court's order denying their motion to vacate a stipulation of settlement entered in open court, on the record, and prior to trial in November 2019. Plaintiffs were present in court. The parties through their counsel agreed to sell the disputed property and divide the proceeds on a 50/50 basis. Plaintiffs now claim that the deed at issue has defects, and that they discovered the alleged fraudulent nature of the deed after the stipulation of settlement.
The court properly rejected plaintiffs' argument that they were fraudulently induced into the settlement, based on purportedly newly discovered evidence that the deed through which defendants claimed ownership of the subject premises was invalid. Plaintiffs had appended that deed to their complaint, and had a decade of litigating, including full discovery, to examine the bona fides of the deed. Plaintiff's post facto arguments on the merits of the action are an insufficient basis to set aside the stipulation (Hallock v State of New York , 64 NY2d 224, 230 [1984] [open court stipulations of settlement, are favored by the courts and not lightly cast aside, as strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process]).
Contrary to plaintiffs' contention, the stipulation on the record covered all material terms of the settlement (see generally Matter of Dolgin Eldert Corp. , 31 NY2d 1, 10 [1972]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021