424 Broadway LLC v Empire Cannabis Clubs (2024 NY Slip Op 51480(U))

[*1]

424 Broadway LLC v Empire Cannabis Clubs

2024 NY Slip Op 51480(U)

Decided on October 29, 2024

Civil Court Of The City Of New York, New York County

Marcus, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 29, 2024
Civil Court of the City of New York, New York County

424 Broadway LLC, Petitioner,

against
Empire Cannabis Clubs A/K/A Empire NJ Consulting LLC 
 D/B/A Empire Cannabis Clubs; XYZ Corp., Respondents.

Index No. LT-308204-24/NY

Petitioner: Rosenberg & Estis, P.C., 733 Third Avenue, New York, NY 10017
Defendant: Law Office of Adam Kalish P.C., 182a 26th St # 2r, Brooklyn, NY 11232

Ilana J. Marcus, J.

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:
Papers Numbered
Order to Show Cause, Affidavits, Exhibits 1
Opposing Affidavits 2
Replying/Supplement Affirmations.
Exhibits
Other
In this commercial landlord-tenant non-payment proceeding, the parties fully executed a two-attorney stipulation of settlement dated June 24, 2024 (see NYSCEF Doc. No. 13). Respondent defaulted on the settlement agreement and petitioner moved to execute the warrant of eviction. Respondent filed the instant order to show cause to enjoin petitioner from evicting respondent and to direct petitioner to accept future payments in cash. Petitioner submitted opposition. Respondent's order to show cause is denied as follows:
As an initial matter, respondent seeks injunctive and declaratory relief, which this court does not have jurisdiction to order (see Broome Realty Assocs. v Sek Wing Eng, 182 Misc 2d 917 (App Term, 1st Dept 1999]).
Assuming this court were to consider respondent's application as one made pursuant to RPAPL 749(3) [stay of warrant for good cause shown] or CPLR 2201 [stay of proceedings in the interest of justice], respondent's request is denied. "Stipulations of settlement are favored by the courts and not lightly cast aside" (Hallock v State, 64 NY2d 224, 230 [1st Dept 1984]). When entered into knowingly, voluntarily, and with counsel, a party should not be relieved from the [*2]terms of the stipulation of settlement absent a showing of fraud, collusion, mistake, accident, or some other ground of the same nature (see In re Frutiger's Est., 29 NY2d 143 [1971]).
Here, the parties entered into a two-attorney stipulation of settlement whereby respondent admitted it owed $475,000.00 in base rent arrears (see NYSCEF Doc. No. 13, ¶3). Respondent agreed to pay petitioner $118,750.00 each month in July, August, September, and October of 2024, in addition to timely paying the monthly rent due of $95,000.00 (see id., ¶5; NYSCEF Doc. No. 27). In reference to the payments, the parties' stipulation explicitly states in bold and capital letters "TIME BEING OF THE ESSENCE WITH RESPECT THERETO"(id.).
Respondent does not provide any proof that it made a single agreed-upon payment. Instead, it argues that the court should stay the eviction because its bank account was closed "due to cannabis transactions" (see NYSCEF Doc. No. 21, ¶5). Respondent submits a screenshot of its bank account which shows it has $1,408.37 in available funds, that $558,000.00 are "on hold" with the bank, and that a check written on or about October 8, 2024 to withdraw the entire account balance of $559,408.37 was also put "on hold" by the bank (see NYSCEF Doc. No. 22). Respondent states that it has $50,000.00 in cash that it can tender to petitioner now and that it will pay the balance of what it owes once it is able to retrieve the necessary funds from its account currently "on hold" (see NYSCEF Doc. No. 21, ¶9). Respondent does not provide proof that it has a license to operate a cannabis dispensary in the State of New York.
Petitioner states that on or about August 29, 2024, respondent's business was shuttered, and the doors were padlocked in connection with a cannabis enforcement action by the New York City government and law enforcement (see NYSCEF Doc. Nos. 26, ¶6; 33). Petitioner further states that respondent did not tender its September 2024 rent and installment payment of $213,750.00 on or before September 1, 2024, as required by the stipulation (see NYSCEF Doc. No. 26, ¶7). Petitioner then served respondent with a 5-day notice to cure, as per the paragraph 6 of the stipulation, and respondent failed to cure within the proscribed period (see id.). Respondent also failed to tender its October 2024 rent and installment payment of $213,750.00, and petitioner claims respondent owes a total of $489,155.22 in arrears to date (see NYSCEF Doc. No. 37).
The shuttering and padlocking of respondent's business and its frozen bank account due to alleged unlicensed sale of cannabis does not provide good cause to stay the execution of the warrant of eviction. The court also denies to stay the execution of the warrant of eviction in the interest of justice.
Finally, respondent states that it never received the 5-day notice to cure at the address listed in the stipulation (see NYSCEF Doc. 21, ¶6). Petitioner provides an affidavit of service of its 5-day notice establishing it properly served respondent at all necessary addresses by FedEx overnight delivery, as required by paragraph 6 of the stipulation of settlement (see NYSCEF Doc. No. 34).
Accordingly, it is hereby,
ORDERED, that respondent's order to show cause is denied and all stays are lifted.
This constitutes the decision and order of the court.
DATED: October 29, 2024
New York, NY
ENTER:
ILANA J. MARCUS
Judge of the Civil Court