Darabont v AMC Network Entertainment LLC (2021 NY Slip Op 02240)





Darabont v AMC Network Entertainment LLC


2021 NY Slip Op 02240


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Kapnick, J.P., Kern, Singh, Scarpulla, JJ. 


Index No. 650251/18 Appeal No. 13565-13565A Case No. 2020-02984 

[*1]Frank Darabont, et al, Plaintiffs-Respondents,
v
AMC Network Entertainment LLC, et al., Defendants-Appellants.


Gibson, Dunn & Crutcher LLP, New York (Orin Snyder of counsel), for appellants.
Blank Rome LLP, New York (Jerry D. Bernstein of counsel), for respondents.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered December 31, 2020, which, to the extent appealed from as limited by letter pursuant to 22 NYCRR 1250.2(c), upon reargument, denied defendants' motion for summary judgment dismissing the cause of action for breach of the implied covenant of good faith and fair dealing, unanimously reversed, on the law, without costs, and the motion for summary judgment granted. Appeal from order, same court and Justice, entered April 14, 2020, unanimously dismissed, without costs, as superseded by the appeal from the December 2020 order.
Plaintiff Frank Darabont, represented by his agent, plaintiff Creative Arts Associates, entered into an agreement to develop and run the television series The Walking Dead in exchange for fixed payments for each episode of the series, as well as backend compensation contingent upon the show's profitability, as calculated based on "Modified Adjusted Gross Receipts" (MAGR), with defendant AMC Network Entertainment LLC producing the series and exhibiting it on its own cable channel.
Plaintiffs' claim that AMC breached the implied covenant of good faith and fair dealing by crafting the formula for MAGR arbitrarily, irrationally, or in bad faith was improperly asserted for the first time in opposition to defendants' motion for summary judgment (see e.g. Desay v COPO Mgt., LLC, 105 AD3d 453, 454 [1st Dept 2013]). While the cause of action incorporates all preceding allegations by reference, there are no allegations in the complaint that AMC engaged in misconduct by formulating the MAGR definition in such a manner as to deprive plaintiffs of contractual benefits. In addition, it would be prejudicial to require AMC to defend against a theory of liability asserted only after discovery had concluded.
Further, to the extent plaintiffs' breach of covenant claim is that AMC acted in bad faith by designing a MAGR definition that did not conform to certain industry customs, this claim improperly seeks to impose obligations on AMC beyond the express terms of the parties' agreement (see Staffenberg v Fairfield Pagma Assoc., L.P., 95 AD3d 873, 875 [2d Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021