Davis v Port (2025 NY Slip Op 50029(U))

[*1]

Davis v Port

2025 NY Slip Op 50029(U)

Decided on January 15, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 15, 2025
Supreme Court, New York County

Paul Davis, in his individual capacity and as assignee of claims of SCOTTISH RE GROUP LIMITED, Plaintiff,

against
Larry Port, RAYMOND WECHSLER, JEFFREY HUGHES, and CERBERUS CAPITAL MANAGEMENT, L.P., Defendants.

Index No. 654027/2013

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 020) 967, 968, 969, 970, 971, 972, 973, 974, 975, 976, 977, 978, 979, 980, 981, 982, 983, 986, 987, 988, 989, 990, 991, 992, 993, 994, 995, 996, 997, 998, 999, 1000 were read on this motion to AMEND CAPTION/PLEADINGS.
In this action, plaintiff alleges that defendants induced non-party Scottish Re Group Limited (Scottish Re) to engage in a merger and a purchase of promissory notes that benefitted the de facto controlling shareholder, Cerberus Capital Management, L.P. (Cerberus Capital), at the expense of the company and its minority shareholders. In motion sequence number 020, plaintiff seeks to amend the complaint a third time in order to, among other things, impose liability upon Cerberus Capital's related entities, CIP4 Mortgage Securities LTD., Cerberus Institutional Partners LP (Series Four), and XYZ Corp., and to expand or extend its claims against certain of the individual defendants. For the following reasons, the motion is granted in part.
I. BACKGROUND
Plaintiff Davis is a shareholder of Scottish Re, a reinsurance company organized in the Cayman Islands, and brings this action as a shareholder of Scottish Re and as the assignee of Scottish Re's claims. Defendants Port, Wechsler, and Jeffrey Hughes were the directors of Scottish Re during the events in question.
At the time of these events, defendant Cerberus Capital, a private equity firm, together with non-party Massachusetts Mutual Life Insurance Company (MassMutual), owned 68.7% of Scottish Re's voting shares and effectively controlled the company's operations. Since MassMutual ceded its control of its investment in Scottish Re to Cerberus Capital in 2007, Cerberus Capital, in effect, was the controlling shareholder of the company.
In February 2011, Cerberus Capital and MassMutual delivered to the board of directors of Scottish Re a proposal to merge a newly created entity, SRGL Benton Ltd., into and with Scottish Re in a reverse subsidiary merger. The merger would have benefitted Cerberus Capital by preventing the conversion of its special shares into ordinary shares, which was due to occur automatically in 2016. Plaintiff alleges that the Director defendants distributed information statements containing misleading and false information to the company's minority shareholders [*2]to induce their approval of the merger, despite the fact that it would result in distribution of the value of the ordinary shares at a lower price.
In 2005, Scottish Re formed two subsidiaries, non-parties Orkney Holdings LLC and Orkney Re Inc., for the purpose of building collateral reserves to back a block of its insurance policies. To do so, Orkney Holdings issued $850 million in debt securities to investors, distributing the proceeds to Orkney Re. American International Group (AIG) subsequently came to own a substantial portion of the Notes.
In April 2009, Scottish Re began holding meetings with Cerberus Capital and MassMutual to discuss repurchasing the Orkney Notes and canceling its debt. In June 2009, Cerberus Capital learned that AIG was interested in selling $700 million worth of the Notes. Within a month, Cerberus Capital bought the Notes from AIG at 42% of their face value, with the knowledge, based on its participation in numerous meetings at Scottish Re, that the company would likely repurchase the Notes at a substantial premium.
In December 2009, Cerberus Capital offered to sell the Notes to Scottish Re at 65% of face value. Cerberus Capital threatened to withdraw from the Scottish Re's planned merger if it did not do so. On April 15, 2011, Scottish Re accepted the offer. As a result of the transaction, Cerberus Capital profited by $161 million. On the other hand, Scottish Re suffered a $149 million loss, as reported in its financial statements.
Plaintiff Davis commenced this action on November 20, 2013, originally including Scottish Re as a defendant. He filed a first amended complaint in 2016.
In 2018, Scottish Re entered into winding up proceedings in the Cayman Islands. As a result, court-appointed Joint Official Liquidators now control Scottish Re, and Davis acquired the rights to assert Scottish Re's claims against defendants.
On April 20, 2018, Davis filed a second amended complaint, removing Scottish Re, several of Scottish Re's directors, and MassMutual as defendants and asserting two claims against the Director defendants and five claims against defendant Cerberus Capital.
Following motion practice and appeal, only one cause of action remains against Cerberus Capital, the claim for dishonest assistance arising out of the Orkney transaction, and one claim against the Director defendants, the claim for breach of the duty of sufficient information (see Davis v Port, 2020 NY Slip Op 32546[U] [Sup Ct, NY County 2020]; Davis v Port, 193 AD3d 500 [1st Dept 2021]). The court dismissed plaintiff's claim for breach of the fiduciary duty against Port and Wechsler, but not against Hughes, because Hughes did not move for dismissal.
Notably, Justice Sherwood found that "the complaint fails to adequately plead a claim for breach of fiduciary duty against Port/Wechsler" and that "plaintiff complains of actions undertaken by the full Board or the Special Committee without ascribing a specific act or omission to Port or Wechsler" (Davis v Port, 2020 NY Slip Op 32546[U] at *14). The First Department affirmed this ruling, observing that the claim was "too general and conclusory to state [a] claim" (see Davis v Port, 193 AD3d 500 [1st Dept 2021]).
In its initial document requests in this action, plaintiff demanded that Cerberus Capital produce documents relating to its affiliates and their financial relationships (see Salisbury affirmation ¶¶ 6-7). Cerberus Capital objected to these demands on the grounds of relevance, despite multiple deficiency letters, meet-and-confer sessions, and a motion to compel (id.). In the documents that Cerberus Capital provided plaintiff, there were dozens, perhaps hundreds, of emails in which Cerberus Capital employees referred to "Cerberus" as the owner of the Orkney bonds and beneficiary of the profits resulting from the Orkney transaction (id. ¶ 10). The [*3]document for the sale of the Notes by Scottish Re was executed by an entity called "CIP4 Mortgage Securities LTD" (see NYSCEF doc. No. 947).
On October 18, 2023, plaintiff deposed Lee Millstein, Cerberus Capital's senior managing director and lead trader for the purchase of Orkney Notes purchase and subsequent sale to Scottish Re. Millstein testified that the party that profited from the Orkney Note transaction was the "CIP4 investors" (Salisbury affirmation, exhibit 10, Millstein tr at 108, lines 7-12). He testified that, when Cerberus Capital traders make investments, they "get allocated to CIP4" (lines 5-13). In addition, in her expert report, Cerberus Capital's expert, Clare Stanley, asserted that, under Cayman law, plaintiff's damages for its dishonest assistance claim should be limited to the extent that any profits from the Orkney transaction were realized by an entity other than Cerberus Capital. Like Millstein, Stanley emphasized, "Cerberus [Capital] was not the party which received the Price Paid [for the Orkney transaction]. It was not the seller of the Orkney Notes. The seller was CIP4. Therefore, if any immediate profit was made it would have been made by CIP4. Any claim against Cerberus [Capital] would be limited to profits it made, as opposed to any profits made by CIP4" (Salisbury affirmation, exhibit 13).
Plaintiff represents that he brings the instant motion (seq. No. 020), based on these representations by Millstein and Stanley during discovery. Thus, plaintiff moves pursuant to CPLR 3025 (b) and 1002 (b) for leave to file a third amended complaint (TAC), making significant amendments to the second amended complaint, including the following amendments:
(1) Amending the caption to join as defendants CIP4 Mortgage Securities LTD. (CIP4) and Cerberus Institutional Partners LP (Series Four) (CIP4 Fund), as well as an unknown, unnamed affiliate (designated in the proposed caption as "XYZ Corp.") (collectively, the CIP4 Entities);
(2) Amending the preamble to the complaint to redefine "Cerberus" as referring, not only to Cerberus Capital, but also collectively to the CIP4 Entities—therefore effectively amending the second through fifth proposed causes of action against "Cerberus" to be asserted against the CIP Entities as well (Cerberus Capital and the CIP Entities are collectively referred to hereinafter as the Cerberus defendants);
(3) Amending the current fifth cause of action to become the second cause of action;
(4) Reviving the sixth cause of action for breach of confidence, previously dismissed by the court in its July 31, 2020 order, as the third cause of action by adding additional facts based on evidence developed during discovery;
(5) Adding new causes of action for aiding-and-abetting breaches of the fiduciary duty and confidence (proposed fourth) and quantum meruit/unjust enrichment (proposed fifth) against the Cerberus defendants;
(6) Adding to the proposed second, third, and fifth causes of action theories of alter ego liability and/or agent-principal liability against the CIP4 Entities;
(7) Adding claims for punitive damages to all claims;
(8) Removing from the complaint the current third, fourth, and seventh causes of action, which have been dismissed by the Appellate Division, First Department in its July 31, 2020 order; and
(9) Amending the caption to substitute defendant Jeffrey Peter Hughes, deceased, with Bettysue Hughes, executor for the estate of Jeffrey Hughes, as defendant.
After the above amendments, the claims in the proposed TAC are as follows:
1. Breach of the duty of sufficient information against Director defendants, with respect [*4]to the merger, by Paul Davis as shareholder;
2. Dishonest assistance against the Cerberus defendants, with respect to the Orkney transactions, by Paul Davis as assignee of Scottish Re;
3. Breach of confidence against the Cerberus defendants, with respect to the Orkney transactions, by Paul Davis as assignee of Scottish Re;
4. Aiding and abetting breaches of fiduciary duty and breaches of confidence, against the Cerberus defendants with respect to the Orkney transactions, by Paul Davis as assignee of Scottish Re; and
5. Quantum meruit, unjust enrichment, against the Cerberus defendants, with respect to the Orkney transactions, by Paul Davis as assignee of Scottish Re.
The Cerberus defendants and the Director defendants, in separate filings, oppose the motion.
II. DISCUSSION
Pursuant to CPLR 3025, a party may amend a pleading "at any time by leave of court" (CPLR 3025 [b]). "While it is true that on a motion for leave to amend [a pleading] the movants need not establish the merit of [their] proposed new allegations, they must show that the proffered amendment is not palpably insufficient or clearly devoid of merit" in light of evidentiary proof (Sahmanovic v Kingsbridge Realty Assoc., LLC, 197 AD3d 1077, 1077 [1st Dept 2021]; see Am. Theatre for the Performing Arts, Inc. v Consol. Credit Corp., 45 AD3d 506, 506 [1st Dept 2007]). Otherwise, leave to amend "should be freely granted, absent prejudice or surprise resulting therefrom" (MBIA Ins. Corp. v. Greystone & Co., Inc., 74 AD3d 499, 499 [1st Dept 2010]).
1. Proposed Second Cause of Action (currently Fifth)
In this motion, plaintiff seeks to amend the former fifth cause of action for dishonest assistance against Cerberus Capital with respect to the Orkney transactions, making it the second cause of action and expanding the claim to be as against the Cerberus defendants generally.
The First Department previously ruled that this claim is sufficiently stated given that the supporting documents allow for the "reasonable inference that Cerberus [Capital] procured or assisted in the alleged breach of fiduciary duties by the Scottish Re directors" (Davis v Port, 193 AD3d 500 [1st Dept 2021]).
The question is whether it would be proper to include the CIP Entities in the claim. Plaintiff argues that it has established a basis for alter ego liability or, in the alternative, principal-agent liability as against the CIP Entities (see third amended compl ¶¶ 118-147).
"New York law disfavors disregard of the corporate form" (Morris v State Dept of Taxation & Fin., 82 NY2d 135 [1993]) and plaintiffs seeking to pierce the veil "bear a heavy burden" (Sheridan Broad. Corp. v Small, 19 AD3d 331 [1st Dept 2005]). Generally, the plaintiff must show that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [2018]). "Evidence of domination alone does not suffice without an additional showing that it led to inequity, fraud or malfeasance" (Cobalt Partners, L.P. v GSC Capital Corp., 97 AD3d 35, 40 [1st Dept 2012]).
In the proposed TAC, plaintiff alleges that the Cerberus Capital "exerted total dominion and control over both CIP4 Entities, particularly with respect to the [Orkney] transactions," and that "Cerberus [Capital] consistently treated the [CIP4] Entities as mere instrumentalities of [*5]itself in many contexts" (Salisbury affirmation, exhibit 2 [TAC] ¶¶ 119-120). Plaintiff alleges that Cerberus Capital has "pervasive control, direction and authority over these entities," that "CIP4 does not have a single employee who is not also employed by Cerberus [Capital]," that CIP4's "executives observe no formalities regarding their work for the different entities—including CIP4"—and that "[n]o formal board meetings are ever held for the CIP4 Fund" (id. ¶¶ 127, 131-132). However, plaintiff fails to allege or submit any proof demonstrating that the Cerberus entities used the corporate form of Cerberus Capital to perpetrate a fraud or wrong (see Cortlandt St. Recovery Corp. v Bonderman). Plaintiff fails to show, for instance, that Cerberus Capital knowingly or intentionally used its corporate structure to keep the profits from the Orkney transaction out of reach of plaintiff. Moreover, plaintiff does not plead that any of the Cerberus defendants abused the corporate structure of Cerberus Capital to commit the specific wrong of dishonest assistance. Without the showing of "inequity, fraud or malfeasance" stemming from any alleged domination, plaintiff fails to establish a basis to pierce the corporate veil (Cobalt Partners, L.P. v GSC Capital Corp.)
Plaintiff alleges that the CIP4 Entities should alternatively be found liable as the principal of Cerberus Capital, who acted as actual or apparent agent for the CIP4 Entities with respect to the Orkney transactions. Plaintiff cites no law in support of the CIP4 Entities' liability as the principal other than a misplaced citation to Cortlandt St. Recovery Corp., which does not discuss agency law.
"A principal-agent relationship may be established by evidence of the consent of one person to allow another to act on his or her behalf and subject to his or her control, and consent by the other so to act" (5015 Art Fin. Ptnrs, LLC v Christie's, Inc., 58 AD3d 469, 471 [1st Dept 2009] [quotation marks omitted]). In the absence of such consent, courts may alternatively find apparent authority when there is a showing of "words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction" (Hallock v State, 64 NY2d 224, 231 [1984] [citations and quotation marks omitted]). However, "[t]he agent cannot by his own acts imbue himself with apparent authority. Rather, the existence of 'apparent authority' depends upon a factual showing that the third party relied upon the misrepresentation of the agent because of some misleading conduct on the part of the principal—not the agent" (id.).
Here, plaintiff alleges that the CIP4 Entities acted as the principal of Cerberus Capital. He alleges that Cerberus Capital has the "primary responsibility for deciding which investments are bought" and works on the CIP4 Entities' behalf in "securing investment opportunities and materializing their returns" (third amended compl ¶¶ 140, 142) but fails to allege that the CIP4 Entities, as the principal, made any affirmative communication, whether by words or by conduct, that indicated to Scottish Re that Cerberus Capital acted as an agent of the CIP4 Entities. Indeed, plaintiff does not allege that it had any communications with the CIP4 Entities at all. Neither does plaintiff allege facts to show that Scottish Re relied on any representation by any of the Cerberus defendants to its detriment.
Accordingly, plaintiff's request to add additional allegations to impose liability upon the CIP4 Entities for dishonest assistance is denied.
2. Proposed Third Cause of Action (now dismissed Sixth)
Plaintiff also seeks to revive its claim for breach of confidence under Cayman Islands law, which this court dismissed by its July 31, 2020 decision. Plaintiff adds additional facts based on evidence developed during discovery.
Neither of the defendants oppose the revival of this claim in itself, though the Cerberus defendants oppose the inclusion of the CIP4 Entities as liable parties. Still, the court must evaluate whether the newly formulated claim remedies the deficiencies of the claim in its previous form.
As the court previously observed in its July 2020 decision, "the elements for a cause of action for breach of confidence are (1) information that is confidential in nature; (2) information that was communicated in circumstances importing an obligation of confidence; and (3) unauthorized use of the information (see Condoco Grand Cayman Resort Ltd. v Broadhurst Dacosta, 2004-05 CILR 236, 243 [Cayman Is]).
The court previously observed that "the complaint fails to plead a claim for breach of confidence with particularity" (citing RSSM CPA LLP v Bell, 162 AD3d 554, 555 [1st Dept 2018]), noting "the complaint does not state the specific content of the information disclosed in anything other than vague, general terms" (Davis v Port, 2020 NY Slip Op 32546[U] at *35). The court noted that plaintiff "does not attempt to distinguish the allegedly secret information Cerberus [Capital] purportedly received from the information publicly disclosed to others" and that he "does not set forth the identities of the directors who disclosed the confidential information or those at Cerberus [Capital] who received it or when the information was revealed" (id.).
In the TAC, plaintiff alleges the type of confidential information that the Cerberus defendants received and used, including Scottish Re's plan to unwind the Orkney structure (see TAC ¶ 159), and that Cerberus Capital learned such confidential information through Scottish Re's internal and confidential board and management meetings and documents, including meetings in April and July 2009 (id. ¶ 102, 107, 109). He also alleges the identities of the individuals who received the information from Scottish Re: Patricia Mattler, a Cerberus Capital employee assigned to work with Scottish Re, Jonathan Bloomer, a Scottish Re director appointed by Cerberus Capital, and Lenard Tessler, Managing Director of Cerberus Capital (id. ¶ 103, 109). In addition, plaintiff alleges that Cerberus Capital used information its employees learned in April and July 2009 to direct its staff to proceed with "buy[ing] back various pieces of Scottish Re's capital structure in the open market . . . ahead of a potential buy-back by Scottish when they have available liquidity" (id. ¶ 112). These pleadings sufficiently cure the deficiency of the claim in its previous form.
However, for the same reasons stated above, the court finds that the facts are inadequate to support alter ego liability or principal-agent liability as against the CIP4 Entities. Plaintiff fails to show that the Cerberus defendants abused the corporate form of Cerberus Capital to perpetrate the alleged breach of confidence.
Therefore, the court grants leave for plaintiff to amend the current breach of confidence claim and to add additional allegations regarding related facts in the body of its complaint, but plaintiff may not add language seeking to impose liability upon the CIP4 Entities with respect to this claim.
3. Proposed Fourth Cause of Action
Plaintiff also seeks to add a new fourth cause of action for aiding and abetting breaches of the fiduciary duty and the duty of confidence. In this claim, plaintiff alleges that the Cerberus defendants "induced, aided, abetted, procured, pressured and coerced members of the Scottish Re board" to breach their fiduciary duties to Scottish Re and their duties of confidence, including, among other things, the duty "to act in good faith and in the best interests of the [*6]company" (TAC ¶ 167).
The Director defendants argue that the fourth cause of action falsely asserts that Port, Wechsler, and the other Scottish Re directors "did, in fact, breach their fiduciary duties to SRGL," despite Justice Sherwood's previous dismissal of the breach of fiduciary duty claim against the Director defendants. Indeed, a claim for aiding and abetting a breach of the fiduciary duty cannot stand where the underlying claim for breach of the fiduciary duty has been dismissed (Fiala v Metro. Life Ins. Co., 6 AD3d 320, 323 [1st Dept 2004]). Thus, the proposed amendment is denied to the extent of the claim for aiding and abetting a breach of the fiduciary duty.
However, the claim for aiding and abetting a breach of confidence is not foreclosed by the court's previous ruling. The court finds that plaintiff pleads adequate facts to support the claim. No defendant challenges the merits of this claim.
However, as stated above, plaintiff fails to establish a basis to assert liability as against the CIP4 Entities.
Accordingly, leave is granted to the extent that plaintiff may assert a claim for aiding and abetting a breach of confidence as against Cerberus Capital. To the extent he seeks to assert the claim as against the CIP4 Entities and to add a claim for aiding and abetting a breach of the fiduciary duty, leave is denied.
4. Proposed new Fifth Cause of Action for quantum meruit and/or unjust enrichment
In addition, plaintiff seeks to add an additional claim for quantum meruit and/or unjust enrichment as against the Cerberus defendants.
"In order to make out a claim in quantum meruit, a claimant must establish (1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services" (Heller v Kurz, 228 AD2d 263, 264 [1st Dept 1996]).
Plaintiff has not pleaded that it performed uncompensated services for the Cerberus defendants, and therefore the quantum meruit claim fails on its face. Neither does plaintiff argue its merits in its motion papers.
With respect to the unjust enrichment claim, plaintiff has sufficiently alleged, for the purposes of this motion, that (1) the Cerberus defendants were enriched, (2) at Scottish Re's expense, and (3) that it is against equity and good conscience to permit the Cerberus defendants to retain what is sought to be recovered (see Mandarin Trading Ltd. v Wildenstein, 944 NE2d 1104 [2011]).
No defendant challenges the merits of the claim, except that the Cerberus defendants, as with the other claims, oppose the assertion of liability as against the CIP4 Entities. Unlike the court's reasoning as to the claims for dishonest assistance, breach of confidence, and aiding and abetting breach of confidence, the unjust enrichment claim does not require alter ego liability or principal-agent liability to be valid. Plaintiff adequately alleges that the CIP4 Entities have been enriched at Scottish Re's expense. Where plaintiff asserts liability directly against the CIP4 Entities, it is not necessary that it allege a wrong they committed. "[U]njust enrichment does not require the performance of any wrongful act by the one enriched and, thus, even an innocent party may be unjustly enriched" (Plotnikoff v Finkelstein, 105 AD2d 10, 13 [1st Dept 1984]).
Accordingly, leave is granted to add the unjust enrichment claim, but not the quantum [*7]meruit claim.
5. Punitive damages
In the first, second, third, and fourth causes of action, plaintiff seeks to add additional language asserting punitive damages as against defendants. The Cerberus defendants and the Director defendants oppose the addition.
"Punitive or exemplary damages have been allowed in cases where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future" (Walker v Sheldon, 10 NY2d 401, 404 [1961]; see Cardoza v City of NY, 139 AD3d 151, 166 [1st Dept 2016])).
The Director defendants oppose the addition of punitive damages to the first cause of action for breach of the duty of sufficient information, arguing that plaintiff's allegations regarding the Director defendants' conduct is merely conclusory and "lacks any specific allegations of misconduct by any of the Director [d]efendants" (see brief in opp to mot at 7).
Plaintiff replies by pointing to his allegations that the Director defendants "approved the use of an incomplete, inaccurate and intentionally misleading Information Statement which upon information and belief, the Director Defendants failed to vet in any meaningful way" in a "deliberate campaign of misinformation" (TAC ¶ 51).
At this stage, the allegations need merely rise above "palpably insufficient or clearly devoid of merit," and the court finds that plaintiff has met this bar (Sahmanovic v Kingsbridge Realty Assoc., LLC).
The Cerberus defendants oppose the amendment by arguing delay and prejudice due to additional discovery that would be required. In its reply brief, plaintiff points out that the Cerberus defendants should have been on notice that plaintiff may seek punitive damages based on evidence developed during discovery, since he responded to their interrogatories by stating that he is owed "punitive damages based on Cerberus's egregious misconduct, which amounts to willful misconduct aggravated by a high degree of moral culpability" (see Salisbury reply affirmation at 10). In addition, at oral argument, plaintiff represented that he would require no additional discovery due to any of the amendments proposed in this motion (see transcript from oral argument at 36, line 25 through 37, line 8). The court does not find sufficient prejudice to bar the amendment.
Accordingly, plaintiff's application for leave to add punitive damages to the first, second, third, and fourth causes of action is granted.
6. Removing claims, amending caption
Finally, plaintiff seeks to remove claims that have been previously dismissed by this court, which includes the former third, fourth, and seventh causes of action. In addition, plaintiff proposes to remove the second cause of action for breach of the fiduciary duty as against the Director defendants. Plaintiff also seeks to amend the caption to substitute Jeffrey Peter Hughes, deceased, with Bettysue Hughes, the executor for his estate, as defendant.
No defendant opposes these changes, and they are not devoid of merit. These amendments are permitted.
Accordingly, it is
ORDERED that plaintiff's motion for leave to amend the complaint is granted in part, to the extent that leave is granted
(1) to amend the caption to add CIP4 Mortgage Securities, Ltd, Cerberus Institutional Partners LP (Series Four), and XYZ Corp. as defendants and to substitute Bettysue Hughes, executor of the estate of Jeffrey Peter Hughes, deceased, for Jeffrey Hughes;
(2) to remove the current Third, Fourth, and Seventh Causes of Action from the complaint;
(3) to amend the fifth cause of action to become the second cause of action for dishonest assistance, but only against Cerberus Capital;
(4) to revive the dismissed sixth cause of action for breach of confidence as the third cause of action, but only against Cerberus Capital;
(5) to add the fourth cause of action for aiding and abetting breach of confidence, but only against Cerberus Capital; and
(6) to add the proposed fifth cause of action for unjust enrichment;
(7) to add punitive damages to the proposed first, second, third, and fourth causes of action; and it is further
ORDERED that leave is denied with respect to the following changes:
(1) to add assertions of liability as against the CIP4 Entities in the proposed second, third, and fourth causes of action;
(2) to add a claim for aiding and abetting breach of the fiduciary duty in the proposed fourth cause of action; and
(3) to add a claim for quantum meruit to the proposed fifth cause of action; and it is further
ORDERED that, within 20 days from entry of this order, plaintiff shall serve a copy of this order with notice of entry and the amended complaint in conformity herewith; and it is further
ORDERED that the defendant shall answer the amended complaint or otherwise respond thereto within 20 days from the date of said service.
DATE January 15, 2025
ROBERT R. REED, J.S.C.